## Grant *et al. v.* The Planters' Bank.

Where a party entered his motion upon the docket for a change of *venue,* but it did not appear that any decision had been rendered upon the motion, or that the attention of the court was called thereto, the motion must be presumed to have been waived.

An affidavit for a change of *venue* is a matter in *pais,* and cannot be noticed by the appellate court, unless placed upon the record by a bill of exceptions.

ERROR from the circuit court of Lowndes county.

The Planters' Bank instituted an action of assumpsit in the circuit court of Lowndes county, against John M. Grant, and the other plaintiffs in error, upon a bill of exchange, drawn by Grant and endorsed by the other plaintiffs. The declaration contained a count on the bill of exchange and the common money counts. Judgment was rendered by default against all the parties to the bill for the amount secured by it, together with damages and interest. The record recites a motion by Grant to change the *venue* of the suit to the county of Coahoma, on the ground that he was a resident and freeholder of that county, and also an affidavit by him of the fact of his freehold and residence. But the court made no order touching the motion, nor does the record show any action of the court in regard to it, either refusing or granting it.

The following errors were assigned in the judgment:

1. That the *venue* was not changed to the county of Coahoma.
2. That there was not a discontinuance of the common counts.

Evans, for plaintiff in error.

At the October term, 1838, of the circuit court of Lowndes county, suit was instituted by the Planters' Bank against John M. Grant, Elisha H. Sharp, and Achilles S. Jeffries. The declaration contains a special count against Grant as maker, Sharp as first endorser, and against Jeffries as the endorser of a bill of exchange: also counts against said defendants for money lent; for money paid, laid out and expended; and money received.

[Grant *et al. v.* The Planters' Bank.]

Defendants moved the court to change the *venue* to the county of Coahoma, because John M. Grant, the drawer of said bill sued on, was at the commencement of the suit a resident citizen and freeholder of Coahoma.    Affidavit of that fact by Grant was filed.    At the same term, judgment final by default was rendered against defendants below.

The declaration containing a special count on the bill and the endorsements, and also the common money counts, is bad, and vitiates the judgment rendered thereon.    The special count embraces distinct causes of action, and upon the judgment rendered the defendants are not equally liable in the first instance.    The drawer is liable in the first instance, the first endorser in the second place, &c.; but on the common counts all are jointly and equally liable in the first instance.

The court below ought to have changed the *venue* to Coahoma county.    Rev. Code of Miss.

Howard, for defendant in error.

The 1st error assigned, is that the court gave judgment when there was a motion to change the venue as to Grant, one of the defendants.

The motion for a change of venue was entered on the docket on the 8th day of October.    On the 9th of October, the court gave a judgment by default for want of a plea.    The affidavit of Grant stating his residence and freehold to be in the county of Coahoma, and not of the county of Lowndes, was sworn to on the 20th of October.    It does not appear that this affidavit was filed when the motion for a change of venue was made, nor that any order was ever had on the motion, nor that it was ever pressed by the defendant, Grant.    The party must be considered as having waived his motion, in absence of any showing in the record that he asked a judgment upon it.

It was also necessary that the affidavit should be filed when the motion was made, or proof introduced on the hearing of the motion.    It may be doubted whether an affidavit of the party, unsupported by any other testimony, would be sufficient to authorise the court to change the venue.    The statute does not prescribe the character of the proof except in criminal cases; and when the

party applies in civil suits on the ground of not being able to procure a fair trial in the county where the suit is brought, see Rev. Code, 106.

It was incumbent on the defendant to have plead within the rules of the court, not having done so, the judgment was final on the last day of the term, R. C. 120, and could not be set aside except for cause previously shown on motion.

It does not appear that, there was any judgment on the motion to change the venue, and in absence of a proper showing that there was an erroneous judgment, the presumption must be in favor of the correctness of the proceedings below.

There is no bill of exceptions to the opinion of the court in this case, making either the motion or the affidavit for the change of venue, a part of the record, without which this court cannot notice either the motion, or the evidence upon which it was founded. See H. R. 175. Unless the evidence is embodied in a bill of exceptions, the presumption must be that no evidence was adduced on the hearing of the motion.

The 2d assignment of error is, that the drawers and endorsers of the bill are both joined in the same count. The court has already decided upon the validity of the statute under which this suit is brought.

The other ground relied on for the reversal of the judgment is the joinder of the common money counts, and a judgment of default, without a discontinuance as to the common counts. There is nothing in this case to distinguish it from that of Gridley *v.* Briggs, LaCost *et al.*

Mr. Justice TROTTER delivered the opinion of the court.

The plaintiffs in error have assigned the following errors in the judgment. 1st. That the venue was not changed to the county of Coahoma. 2d. That there was no discontinuance of the common counts. In regard to the first assignment of error, it is deemed sufficient to remark, that the question which is raised by it, is not shown to have been made in the court below. It does not appear from the record that the attention of the court was ever called to the motion, or that the defendant insisted upon it. We are then bound, by well settled rules, to presume that it was waived. New

[Grant *et al. v.* The Planters' Bank.]

questions cannot be raised in the appellate court.  If they might be, the mischiefs and great injustice which would result would be intolerable.  In this case the motion may have been entered on the motion docket, and then suffered to rest, without the attention of the judge being directed to it.  What his decision might have been we cannot tell.  It is sufficient that he made none. This court has no jurisdiction of such a motion.  It is a rule universal in its application, that a court of general jurisdiction is presumed, by every other court, to have acted properly, until the contrary is shown.  It would be a violation of this salutary principle to sustain the objection here urged.  This suit was transitory, and might well be maintained in Lowndes county.  It was a privilege to the defendant to call on the court to change the venue. The affidavit necessary for that purpose is a matter in *pais*, and can only be made a part of the record by bill of exceptions.  It was testimony offered in support of a collateral motion, and is no more a part of the record, until ordered to be made so by the court, than the statement of a witness on his examination before the jury.  The second assignment of error has been several times decided upon by this court and held not to be tenable.  It was so held in the case of Gridly *v.* Briggs, LaCost, & Co., 2 Howard, 830, and in Soria *v.* The Planters' Bank, and is thus too well settled to be disturbed.

Let the judgment be affirmed.