McGee *v.* Maryland Casualty Company.

No. 41676          March 6, 1961          127 So. 2d 656

*Carlisle & Carlisle*, Columbus, for appellant.

*William J. Threadgill, Dewitt T. Hicks, Jr.*, Columbus, for appellee.

Rodgers, J.

The appellant, H. C. McGee, is a resident of the State of Alabama and operates a wholesale beer distributor's business with an outlet at Columbus, Mississippi, and a branch outlet at Holly Springs, Mississippi. Mr. Marvin Cash is the manager for appellant at Columbus and Mr. Charles T. Goodwin was manager of the Holly Springs warehouse and was paid a commission of thirty cents per case for beer sold. Mr. Goodwin was authorized to sell to customers for cash and credit. One of the customers of the Holly Springs establishment was a place of business known as Joe's Place, which was owned by

Charles T. Goodwin but was managed by Joe Clark. Joe Clark paid for the beer by checks written on Joe's Place and some of these checks were marked "insufficient funds", and some of them were redeposited and finally paid. Suit is here brought for $2,942.74 evidenced by checks given on Joe's Place and one given by Charles T. Goodwin.

The suit is based upon a bond purchased from Maryland Casualty Company on August 7, 1958. The application for the bond set up the name of Charles T. Goodwin as an employee. The pertinent parts of this bond are the following paragraphs:

"INSURING AGREEMENT. The Underwriter, in consideration of the payment of the premium, and subject to the Declarations made a part hereof, the General Agreements, Conditions and Limitations, and other terms of this Bond, agrees to indemnify the Insured against any loss of money or other property which the insured shall sustain through any fraudulent or dishonest act or acts committed by any of the Employees, acting alone or in collusion with others, to an amount not exceeding in the aggregate the amount stated in Item 3 of the declarations. * * *

"EXCLUSION. Section 2. This Bond does not apply to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided, however, that this paragraph shall not apply to loss of money or other property which the insured can prove, through evidence wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest acts committed by any one or more of the employees. * * *

"PRIOR FRAUD, DISHONESTY OR CANCELLATION. Section 6. The coverage of this Bond shall not apply to any Employee from and after the time that the

Insured or any partner or officer thereof not in collusion with such Employee shall have knowledge or information that such Employee has committed any fraudulent or dishonest act in the service of the Insured or otherwise, whether such act be committed before or after the date of employment by the Insured.''

The manager M. E. Cash examined the reports of Mr. Goodwin and took the checks above mentioned. Mr. Goodwin is said to have admitted that he did not have funds to cover these checks. Mr. Cash later returned to Holly Springs and had the checks marked ''insufficient funds''. The plaintiff claims that the giving of these checks on Joe's Place was covered under the terms of the bond. The case was submitted to a jury and the jury returned a verdict for the defendant Maryland Casualty Company.

■■ The appellant H. C. McGee offered in evidence certain cash sales tickets which were first admitted by the court in evidence and finally the court reserved its ruling on objection made to the introduction of the tickets. It is the well settled law that reports made by an agent in line of duty are admissible in evidence. 20 Am. Jur., Evidence, Sec. 1049; 83 A. L. R. 817; Meridian Star v. Kay, et al, 211 Miss. 536, 52 So. 2d 35. ■■ The appellant, however, did not request the court to finally rule upon the reserved ruling, and the court cannot therefore be charged with error on appeal. ■■ Where objection is made to evidence and the court reserves its ruling, the objector will be deemed to have waived his objection unless he request a ruling thereon before the case is submitted to the jury. And it was also the duty of the appellant to bring the judges ''reserved ruling'' to the attention of the trial judge. W. L. Holcomb Inc. v. City of Clarksdale, 217 Miss. 892, 65 So. 2d 281.

The appellant charges that several instructions granted to the defendant were erroneous, but we do not find any errors in these instructions nor in the instructions

refused the appellant, since the court should have granted the request for a directed verdict for the defendant.

██ ██ We have carefully examined this record and are of the opinion that the bond above mentioned does not cover "loss of inventory" and that the checks mentioned were given for beer sold to Joe's Place and is an item of indebtedness rather than a loss by fraud or dishonesty. Oron Knitting Mills v. U. S. F. & G. Co., 137 N. C. 565, 50 S. E. 304; 50 Am. Jur., Suretyship, Sec. 335; Hartford Accident & Indemnity Co. v. Hattiesburg Hardware Stores, Miss. 49 So. 2d 813.

██ ██ The indemnity bond began at "noon August 7, 1958" and before that time previous checks had been marked "insufficient funds" on Joe's Place. If the checks in this case can be said to be deemed fraudulent or dishonest, then the appellant had notice of previous bad checks on Joe's Place and previous "defalcations" by its employee Goodwin. The bond expressly states "this bond shall not apply to any employee from and after the time that the insurer * * * shall have knowledge or information that such employee has committed any fraudulent or dishonest act in the service of insured or otherwise." If, therefore, the last checks could be considered fraudulent or dishonest acts of an employee the first checks were also fraudulent and dishonest acts and the last checks given are expressly excluded by the terms of the bond. 50 Am. Jur., Suretyship, Sec. 328; 40 A. L. R. 1036; McIntosh v. Dakota Trust Co., 204 N. W. 818; Roseville Trust Co. v. National Surety Co., 95 NJL 138, 112 A. 337.

The defendant's motion for a directed verdict should have been sustained. The case will therefore be affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge,* and *McElroy, JJ.,* concur.