C. J. LARSON, d/b/a Friendly Finance Company, Appellant,

v.

PEERLESS INSURANCE COMPANY, Appellee.

No. 16370.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 30, 1962.

Donald C. Gladden, Fort Worth, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case and Jack Pew, Jr., Dallas, for appellee.

RENFRO, Justice.

Defendant Peerless Insurance Company issued to plaintiff Friendly Finance Company a fidelity bond effective April 27, 1960, covering plaintiff's employee Jack L. M. Draper, Jr.

Paragraph VI thereof provided: "This bond shall terminate as to future acts of any Employee immediately upon discovery by the insured, or, if a corporation, by any director thereof or by any officer thereof not in collusion with such Employee, of any fraudulent or dishonest act on the part of such Employee, whether in the service of the Employer or otherwise."

The parties stipulated:

"2. The bond in question was issued by Peerless Insurance Company and became effective April 27, 1960, for an indefinite period, and at the time of the discovery by Plaintiff of the shortage in question had not been cancelled unless, as is contended by Defendant, same was terminated as to Jack L. M. Draper, Jr. under the provision of Sec. A, paragraph VI, of such bond.

"3. On February 10, 1961, Plaintiff discharged Jack L. M. Draper, Jr. from its employ and on the following day found that said Draper was short in his accounts.

"4. Jack L. M. Draper, Jr. misappropriated $2441.50 from Plaintiff before February 10, 1961, while in the employ of Plaintiff and after April 27, 1960.

"5. In February, 1960, Plaintiff discovered that Jack L. M. Draper, Jr. had misappropriated for Plaintiff the sum of approximately $500.00, which such shortage is no part of the $2441.50 hereinabove recited but is a prior and different transaction, and such $500.00 shortage had been discovered by Plaintiff before the issuance by Peerless Insurance Company of the bond here in issue and before the shortage for which Plaintiff sues. Plaintiff had permitted Draper to remain in its employ on the agreement that Draper would reimburse Plaintiff the amount of such loss. Neither Plaintiff nor Draper advised Defendant of the prior $500 misappropriation by Draper before or at the time of the issuance of the bond in question. The $500.00 misappropriation by Draper was a fraudulent or dishonest act."

Judgment was entered for the defendant.

The plaintiff by point of error contends the trial court erred in holding that the bond at the time of the loss was terminated and afforded no coverage with respect to Draper.

The employee misappropriated $500.00 before the bond was issued. Plaintiff knew that the employee had so misappropriated said money. The employee Draper was the only person named in said bond. Neither plaintiff nor Draper, either before or after the bond was executed, advised defendant of Draper's prior "fraudulent or dishonest act". As we construe paragraph VI of the bond, quoted above, future acts refer to acts of Draper occurring after plaintiff discovers fraudulent or dishonest acts. The misappropriation of the $2441.50 was a future act which occurred after plaintiff had notice of Draper's misappropriation of the $500.00, and of which fact defendant had no notice.

In a case similar to the instant case, both as to facts and bond provision, the Supreme Court of Mississippi in McGee v. Maryland Casualty Co., 240 Miss. 447, 127 So.2d 656, held that the subsequent fraudulent and dishonest acts were expressly excluded by the terms of the bond.

We hold that the $2441.50 item was expressly excluded from coverage by the provisions of paragraph VI, and therefore affirm the judgment of the trial court.