956 So.2d 229 (2006)
Louis GARRETT a/k/a Louie Christopher Garrett a/k/a Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01855-COA.
Court of Appeals of Mississippi.
April 25, 2006.
Rehearing Denied January 30, 2007.
*230 Thomas M. Fortner, Virginia L. Watkins, attorneys for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Louie Christopher Garrett was convicted in the Circuit Court of Hinds County of aggravated assault. Garrett was found to be an habitual offender and sentenced *231 to a term of life without parole in the custody of the Mississippi Department of Corrections. Following this conviction, Garrett appeals to this Court raising numerous issues.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Louie Christopher Garrett and Carol Roxanne Winham met one another in a Jackson bar where Winham worked as a waitress in early 2003. Shortly after this meeting the two began to live together in Winham's home where Garrett paid part of the mortgage and household expenses. After a period of time the relationship began to falter and Winham asked her son to "put him out" on July 21, 2003. Upon being removed from Winham's home, Garrett approached Robert Terry Smith, who was a friend and co-worker of Garrett, to talk to Winham for him.
¶ 4. On July 23, 2003, Smith went to Winham's house to talk to her about the relationship between her and Garrett. When Smith arrived at the house Winham suggested that they go to a local bar and play pool, which they did. After a period of time they returned to Winham's house and went to the backyard where they drank beer and talked about the relationship between Winham and Garrett.
¶ 5. Garrett arrived at the house during this time and proceeded to the rear of the house where he found Smith and Winham. Garrett testified that he found Winham straddling Smith. At this point Garrett entered the backyard and an attack occurred. During the attack Smith was knocked unconscious and came to after the attack was over. During the attack Winham was struck by a two by four and chased down the street. Winham received a broken arm, cuts and bruises from the attack.
¶ 6. Garrett was indicted on two counts for causing bodily injury to Smith and Winham by striking them with a two by four, an instrument likely to cause death or serious bodily injury. At trial, Garrett was found guilty of aggravated assault against Winham and not guilty of aggravated assault against Smith. The trial court found Garrett had at least two prior felony convictions, one of which was a crime of violence, and therefore sentenced Garrett to life without parole. From this conviction Garrett appeals raising the following:
I. THE TRIAL COURT ERRED WHEN IT DENIED GARRETT'S MOTION FOR A MISTRIAL AFTER ADMITTING TESTIMONY FROM ROBERT SMITH WHICH WAS HEARSAY SUBJECT TO NO EXCEPTION AND WAS INADMISSIBLE UNDER MISSISSIPPI RULE OF EVIDENCE 404.
II. BLATANT AND REPEATED INSTANCES OF PROSECUTORIAL MISCONDUCT REQUIRE REVERSAL.
III. THE TRIAL COURT ERRED WHEN IT REFUSED GARRETT'S INSTRUCTION D-3 ON SELF-DEFENSE, AS AN EVIDENTIARY BASIS CLEARLY EXISTED AND THE COURT THEREBY DENIED GARRETT HIS RIGHT TO PRESENT HIS THEORY OF THE CASE.
IV. THE TRIAL COURT ERRED WHEN IT GRANTED INSTRUCTION S-2A AS THE INSTRUCTION OMITTED AN ESSENTIAL ELEMENT REGARDING THE BURDEN OF THE PROOF TO WHICH THE STATE IS HELD.
V. THE TRIAL COURT ERRED WHEN IT REJECTED INSTRUCTION D-2 PERMITTING THE JURY TO CONSIDER THE LESSER OFFENSE *232 OF SIMPLE ASSAULT WHEN THE RECORD CLEARLY SUPPORTED CONSIDERATION OF A LESSER OFFENSE.
VI. THE TRIAL COURT ERRED IN SENTENCING GARRETT TO LIFE WITHOUT POSSIBILITY OF PAROLE UNDER MISSISSIPPI CODE ANNOTATED § 99-19-83 (REV.2000) AS THE PROSECUTION FAILED TO PROVE GARRETT SERVED THE REQUISITE ONE YEAR FOR EACH OF TWO PREVIOUS FELONY CONVICTIONS.
VII. THE TRIAL COURT ERRED IN SENTENCING GARRETT AS A HABITUAL OFFENDER AS NO PROOF WAS ADDUCED TO DEMONSTRATE GARRETT WAS THE SAME INDIVIDUAL CHARGED IN THE PREVIOUS TWO FELONIES.
VIII. THE TRIAL COURT ERRED WHEN IT PERMITTED DETECTIVE SHARESA SPARKMAN TO TESTIFY AS TO HER OPINION.

DISCUSSION
I. THE TRIAL COURT ERRED WHEN IT DENIED GARRETT'S MOTION FOR A MISTRIAL AFTER ADMITTING TESTIMONY FROM ROBERT SMITH WHICH WAS HEARSAY SUBJECT TO NO EXCEPTION AND WAS INADMISSIBLE UNDER MISSISSIPPI RULE OF EVIDENCE 404.
¶ 7. "Whether to declare a mistrial is committed to the sound discretion of the trial court." Brent v. State, 632 So.2d 936, 941 (Miss.1994). We will not overturn a trial judge's decision to overrule a motion for mistrial unless the trial judge committed an abuse of discretion. Bass v. State, 597 So.2d 182, 191 (Miss.1992).
¶ 8. Garrett argues that the trial court should have granted his motion for a mistrial because of hearsay testimony by Smith that Winham told him she awakened one night and Garrett was beating her. Garrett contends that this testimony prejudiced the jury against him as evidenced by the acquittal on the charge of assault upon Smith.
¶ 9. The testimony of Smith, with regard to Garrett beating Winham, was given by Smith when describing his conversation with Winham about her reasons for breaking up with Garrett. Garrett had requested that Smith talk to Winham about the breakup and see if there was the possibility of them getting back together. The testimony of Smith was the reason Winham had broken up with Garrett and was not given as character evidence against Garrett.
¶ 10. The supreme court has stated that:
This state has long adhered to the rule that the issue on a criminal trial should be single and that the evidence should be limited to what is relevant to the single issue. Evidence of a prior criminal activity on the part of one criminally accused is inadmissible where the prior offense has not resulted in a conviction. We have held, however, that the State has a "legitimate interest" in telling a rational and coherent story of what happened. Where substantially necessary to present to the jury "the complete story of the crime," evidence or testimony may be given though it may reveal or suggest other crimes.
Brown v. State, 483 So.2d 328, 330 (Miss. 1986). In the case sub judice the testimony of Smith is offered to tell the "rational and coherent story" of the attack. Smith's testimony was not offered to prove that Garret was beating Winham, but rather to explain the series of events that lead to *233 Smith being at the home of Winham when Garrett attacked them. This is not evidence given as character evidence in violation of the Mississippi Rule of Evidence 404(b).
¶ 11. The testimony of the beatings was part of the complete story. This issue is without merit.
II. BLATANT AND REPEATED INSTANCES OF PROSECUTORIAL MISCONDUCT REQUIRE REVERSAL.
¶ 12. Garrett cites five instances of what he characterizes as prosecutorial misconduct. He argues that the assistant district attorney testified during her cross-examination of Garrett. He argues the court erred by denying his request for a mistrial during closing argument claiming the prosecutor argued defense counsel did not believe in his client. Garrett claims it was error to deny his motion for a mistrial based upon the prosecutor arguing the legal basis for the court refusing to instruct the jury on self-defense in count two. Garrett claims it was error to overrule his objection in closing when the assistant district attorney was arguing about the burden of proof. Finally, Garrett claims it was error to overrule his objection to the prosecutor arguing that Garrett agreed that the two by four was a deadly weapon.
¶ 13. We review the trial court's decision to grant, or deny, a mistrial under an abuse of discretion standard. Horne v. State, 487 So.2d 213, 214 (Miss.1986). A party has broad latitude in closing argument. Wells v. State, 698 So.2d 497, 506 (Miss.1997). A trial judge possesses the authority to declare a mistrial where prosecutorial conduct substantially deflects the attention of the jury from the issues that it has been called upon to decide or appeals to bias, passion, or prejudice, and, therefore, significantly impairs a defendant's right to a fair trial. Hickson v. State, 472 So.2d 379, 384 (Miss.1985). The trial judge is permitted considerable discretion in determining whether a mistrial is warranted since the judge is best positioned for measuring the prejudicial effect. Id. (citing Roundtree v. State, 568 So.2d 1173, 1178 (Miss.1990)).
¶ 14. In light of the overwhelming evidence against Garrett, the jury's verdict likely was not influenced by any prejudice that might have resulted from the assistant district attorney's isolated comments. As the trial judge was in the best position to determine the level of prejudice, if any, that resulted from this comment, this Court will defer to his finding. Therefore, this issue is without merit.
III. THE TRIAL COURT ERRED WHEN IT REFUSED GARRETT'S INSTRUCTION D-3 ON SELF-DEFENSE, AS AN EVIDENTIARY BASIS CLEARLY EXISTED AND THE COURT THEREBY DENIED GARRETT HIS RIGHT TO PRESENT HIS THEORY OF THE CASE.
IV. THE TRIAL COURT ERRED WHEN IT GRANTED INSTRUCTION S-2A AS THE INSTRUCTION OMITTED AN ESSENTIAL ELEMENT REGARDING THE BURDEN OF THE PROOF TO WHICH THE STATE IS HELD.
V. THE TRIAL COURT ERRED WHEN IT REJECTED INSTRUCTION D-2 PERMITTING THE JURY TO CONSIDER THE LESSER OFFENSE OF SIMPLE ASSAULT WHEN THE RECORD CLEARLY SUPPORTED CONSIDERATION OF A LESSER OFFENSE.
¶ 15. As his next three issues on appeal, Garrett argues that the court erred in *234 denying two of his proposed jury instructions and granting one of the State's motions. Garrett contends that the refusals prevented him from presenting his theory of the case. He also contends that the State's instruction does not provide for the proper burden of proof that must be met by the State. We do not agree.
¶ 16. "In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Johnson v. State, 823 So.2d 582, 584(¶ 4) (Miss. Ct.App.2002) (quoting Hickombottom v. State, 409 So.2d 1337, 1339 (Miss.1982)). Defendants do not have an absolute right to have their jury instructions granted. "A defendant is entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is fairly covered elsewhere in the instructions, or is without foundation in the evidence." Heidel v. State, 587 So.2d 835, 842 (Miss.1991).
¶ 17. Garrett argues that the court's refusal to grant his jury instruction D-3 was error. The trial court refused to grant instruction D-3 on the basis that it was not supported by the evidence presented at trial. However, the trial court did provide the defense with the opportunity to revise the instruction. Following a short recess, the court returned to the issue of the instruction D-3 at which time the defense withdrew the instruction and did not enter a revised instruction. Finding that this instruction was no longer before the court, this error is without merit.
¶ 18. With respect to instruction S-2A, Garrett argues that the instruction does not address the State's burden of proving that he did not act in self-defense. Instruction S-2A states:
The Court instructs the jury that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Louie Christopher Garrett,
(1) on or about July 23, 2003, in the First Judicial District of Hinds County, Mississippi,
(2) did purposely or knowingly and unlawfully, cause bodily injury to Carol Roxanne Winham, a human being,
(3)with a certain deadly weapon, to wit: 2 × 4 piece of wood,
(4) by then and there striking the said Carol Roxanne Winham with said 2 × 4 piece of wood, then and in that event, Louie Christopher Garrett is guilty of aggravated assault to Count two and it is your sworn duty to so find.
The evidence at trial did not support the giving of an instruction that the assault on Winham was done in self-defense. Garrett testified at trial that he was swinging the two by four wildly and that Winham did not possess any weapon. This point of error is without merit.
¶ 19. As his final issue regarding jury instructions, Garrett argues that the evidence at trial supported his proposed instruction on simple assault, D-2. This instruction is one of self-defense and not an instruction on simple assault. Instruction D-2 states:
The Court instructs the Jury that to make an assault justifiable on the grounds of self-defense, the danger to the Louie Garrett must have been either actual, present and urgent or the [sic] he must have had reasonable grounds to apprehend a design on the part of Robert Terry Smith and Carol Roxanne Winham to do him some bodily harm. *235 In addition there must have been imminent danger of such design being accomplished.
It is for you, the Jury, to determine the reasonableness of the grounds upon which Louie Garrett acted. If the state has failed to convince you that Louie Garrett was not acting in self defense when he injured Robert Terry Smith or Carol Roxanne Winham, then you shall find him Not Guilty.
The trial court ruled that the applicable law and the evidence of the case did not support the giving of the jury instruction on simple assault. We agree with the trial court.
VI. THE TRIAL COURT ERRED IN SENTENCING GARRETT TO LIFE WITHOUT POSSIBILITY OF PAROLE UNDER MISSISSIPPI CODE ANNOTATED § 99-19-83 (REV.2000) AS THE PROSECUTION FAILED TO PROVE GARRETT SERVED THE REQUISITE ONE YEAR FOR EACH OF TWO PREVIOUS FELONY CONVICTIONS.
¶ 20. Garrett argues that his sentence of life in prison without the possibility of parole is so egregious that it demands reversal. He contends that he did not serve the required one year sentence on his first felony charge in 1990 to meet the requirements of Mississippi Code Annotated § 99-19-83 (Rev.2000). Garrett argues that the one year, one month and twenty-three days he spent in pretrial detention should not count toward the one year sentence. We do not agree.
¶ 21. Garrett acknowledges and the record reflects that he served more than one year for a felony conviction of arson in 1999, for which he spent 1,491 days in custody of the Mississippi Department of Corrections. Garrett contests the amount of time served on his 1990 conviction for sexual battery. Garrett was in pretrial detention for one year, one month and twenty-three days prior to his conviction, where upon he then served six months in the custody of the Mississippi Department of Corrections prior to his release under "shock probation" (R.I.D., Regimented Inmate Discipline). Miss.Code Ann. § 47-7-47 (Rev.2004).
¶ 22. This specific issue was addressed by the supreme court in Feazell v. State, 761 So.2d 140 (Miss.2000). The court held that time served includes pre-trial incarceration in the county jail plus time served after sentencing. Id. at 142 (¶¶ 10-11). Following this case, this issue is without merit.
VII. THE TRIAL COURT ERRED IN SENTENCING GARRETT AS A HABITUAL OFFENDER AS NO PROOF WAS ADDUCED TO DEMONSTRATE GARRETT WAS THE SAME INDIVIDUAL CHARGED IN THE PREVIOUS TWO FELONIES.
¶ 23. As his seventh issue on appeal, Garrett argues that the State has not met the burden of proving that he is the same Louie Christopher Garrett who was convicted on two prior occasions. We do not agree.
¶ 24. At trial Sherry Robinson, Director of Records for the Mississippi Department of Corrections, testified to the identity of Garrett in the previous convictions and the case sub judice. Robinson testified that the files of the Department of Corrections contained a picture of Garrett, his date of birth and his Social Security Number. In her testimony, Robinson stated that all the information in the file matched the Garrett that was currently on trial.
¶ 25. This testimony was sufficient to support the identification of Garrett as the *236 person convicted on two prior occasions. This issue is without merit.
VIII. THE TRIAL COURT ERRED WHEN IT PERMITTED DETECTIVE SHARESA SPARKMAN TO TESTIFY AS TO HER OPINION.
¶ 26. As his eighth and final issue on appeal, Garrett contends that Sparkman gave hearsay testimony concerning the medical records supporting a finding that Winham had a broken arm and Smith a fractured skull. Garrett also complains that it was error to allow Sparkman to testify that the broken arm and fractured skull were serious bodily injuries and that a two by four could be a deadly weapon. We do not agree.
¶ 27. The testimony by Sparkman was based on her investigation of the incident. The testimony of Winham and Smith already had presented the injuries they sustained in Garrett's attack. The testimony of Sparkman was not offered to prove broken bones, but to support her determination that aggravated assault charges were proper against Garrett. M.R.E. 801.
¶ 28. Sparkman testified that she was a detective with the robbery and homicide division of the Jackson Police Department. She testified to a list of items that could be considered as deadly weapons, of which a two by four was included. Sparkman was not qualified by the court as an expert. She could only submit opinion testimony under Mississippi Rule of Evidence 701. Rule 701 provides for limited admissibility of lay opinion testimony. Such evidence is limited to those opinions or inferences which are rationally based on the perception of the witness and helpful to the clear understanding of her testimony or the determination of a fact in issue. M.R.E. 701. Rule 701 does not open the door to any and all opinion testimony. Jackson v. State, 551 So.2d 132, 144 (Miss.1989). A lay witness may not express an opinion on an ultimate issue. Id. A lay witness can only give an opinion that is based upon her personal perceptions, and that will help the jury fairly resolve a controverted, material fact. Id. (citing Dale v. Bridges, 507 So.2d 375, 378 (Miss.1987)).
¶ 29. Sparkman's testimony that a two by four was a deadly weapon was based on her personal perceptions of what constituted a deadly weapon. The testimony was offered concerning the deadly weapon for the purpose of determining why Sparkman chose to charge Garrett with aggravated assault, not to prove that the two by four was a deadly weapon. The same is true for her testimony about the injuries sustained by Winham and Smith as whether they were serious bodily injuries or not. We find this error without merit.

CONCLUSION
¶ 30. Finding that all issues presented on appeal are without merit, we affirm the ruling by the Circuit Court of Hinds County.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER AND SENTENCE TO BE SERVED CONSECUTIVE TO ALL SENTENCES PRESENTLY SERVING INCLUDING FEDERAL CHARGES AND RANKIN COUNTY CIRCUIT COURT SENTENCE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
*237 KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.