KITCHENS, Justice,
dissenting:
¶ 27. The majority finds that the defendants sufficiently met their burden of persuading the circuit court that the record reflected no genuine issues of material fact, entitling them to judgment as a matter of law. Since I am convinced that the plaintiff has shown that there is indeed a genuine issue of material fact, I respectfully dissent.
¶ 28. Karpinsky had to show two things to overcome the motion for summary judgment and proceed with the prosecution of her slip-and-fall case: (1) that the defendants had actual or constructive knowledge of the spill; and (2) that they had a sufficient opportunity to correct the spill, either by cleaning it up or warning passersby of the danger. Miller v. R.B. Wall Oil Co., Inc., 970 So.2d 127, 132 (Miss.2007) (citation omitted). In arguing that there was no genuine issue of material fact, the defendants produced the depositions of both Karpinsky and Gail Clark, a witness, to suggest that the slippery condition in front of the store could not have existed for more than five minutes. The defendants argue that reasonable minds could not conclude that five minutes is enough time either to clean the spill or warn customers of its presence. The circuit court and the majority found that this was sufficient to shift the burden to Karpinsky to produce sufficient evidence of the essential elements of her claim at the summary judgment stage.
*93 ¶ 29. To oppose the defendants’ motion for summary judgment, Karpinsky filed the affidavit of her attorney, Dempsey M. Levi, submitted with two attached exhibits. The first exhibit was the transcript of a statement that Clark, the witness, had given to Levi regarding the incident; the second exhibit was an incident report of Karpinsky’s fall, prepared by a mall employee. In her statement, Clark said that the spill had been on the floor “quite a while” and that “it appeared that the spill had spread and been tracked through.” The incident report, although not specifying the time the spill was reported, stated that “Guest Services advised me that prior to the alleged incident a customer had informed of a spill in front of Lane Bryant [the store], at which time Guest Services notified housekeeping.” (Emphasis added.)
¶ 30. The defendants do not dispute that they had actual knowledge of the spill based on the incident report. They argue instead that the affidavit of Levi was not based on personal knowledge, that the statement by Clark to Levi was unsworn and inadmissible hearsay, and that the incident report is inadmissible hearsay without some sponsoring testimony. The majority posits that the incident report was not sworn or certified and is therefore inadmissible. I do not dispute that Clark’s unsworn statement is hearsay or that Levi’s affidavit is not based on personal knowledge. However, the incident report is not hearsay; and, as explained below, the fact that the incident report is not sworn or certified does not render it inadmissible at trial, and therefore should not render it inadmissible at the summary judgment stage.
¶ 31. Despite the defendants’ contentions, the incident report is not hearsay because it is an admission of a party opponent. “A statement is not hearsay if ... [it] is offered against a party and is ... a statement by the party’s agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.” M.R.E. 801(d)(2). The incident report was prepared by Security Officer Katy Odell, who was employed by Edgewater Mall, which, at the time of the accident, was owned by American National Insurance Company (ANIC). “It is the well settled law that reports made by an agent in line of duty are admissible in evidence.” McGee v. Maryland Cas. Co., 240 Miss. 447, 451, 127 So.2d 656, 657 (Miss.1961). The incident report was prepared by a mall employee, in the course of her employment, concerning a matter within the scope of her agency or employment. It was prepared on Edgewater Mall letterhead. The defendants have not disputed that the report was prepared by a mall employee or claimed that it is inaccurate. This incident report, prepared by an employee of a defendant, fits squarely into Mississippi Rule of Evidence 801(d)’s definition of a statement that is not hearsay. Furthermore, since the defendants did not move to strike the nonhearsay and admissible incident report, I believe that the trial court was bound to consider it in determining whether Karpinsky had carried her burden of showing a disputed issue of material fact.
¶ 32. The majority opines that the incident report is not admissible because it “is not sworn or certified as required by Rule 56(e).” This might be a concern if there were any dispute concerning the document’s validity or accuracy. However, there is none. The defendants have never disputed the accuracy or authenticity of this document. They did not argue at the summary judgment hearing that they suffered undue surprise or prejudice through the introduction of the incident report. Their sole argument is based on their in *94 correct contention that it constitutes inadmissible hearsay.
¶ 33. Under the Federal Rules of Civil Procedure, “in order to rebut a properly supported [summary judgment] motion ... Rule 56(e) requires the adversary to set forth facts that would be admissible in evidence at trial.” 10A Wright & Miller, Federal Practice and Procedure § 2727 (3d ed.1998) (emphasis added). Clearly, the incident report would be admissible at trial. Rule 1003 of the Mississippi Rules of Evidence provides that a copy of a writing “is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.” M.R.E. 1003. This copy of the incident report would be admissible, as no genuine question of its authenticity has been raised, and there is no reason for us to believe that it would be unfair to admit it in lieu of the original. The incident report would have been admissible at trial, its authenticity is undisputed, and it satisfied Karpinsky’s burden to show that the defendants' had actual notice of the spill before her fall occurred.
¶ 34. After considering the incident report and looking at the evidence in the light most favorable to the nonmoving party, the defendants were on actual notice of the presence of the spill. Clark’s deposition testimony — which, of course, was sworn — indicated that the spill could not have been on the floor longer than five minutes. Considering the evidence in the light most favorable to the plaintiff, the spill was on the floor for five minutes, and the mall had actual notice very soon after the spill occurred. I believe that reasonable minds could differ as to whether five minutes is a sufficient length of time for the defendants either to clean up the spill or to warn pedestrians of the danger it posed. Counsel for ANIC admitted as much at the summary judgment hearing. When challenging the unsworn statement of Clark that was attached to Levi’s affidavit, counsel stated, “[h]e wants to say that Ms. Clark told him that the spill had been there quite a while. Well, what is quite a while? Quite a while may be five minutes to her.” That is exactly the point. A jury very well could find that five minutes is “quite a while” for a spill to linger in front of a busy store with heavy foot traffic, and, in the context of all the relevant facts adduced during a trial on the merits, that this dangerous condition should have been addressed appropriately by the defendants within that time frame.
¶ 35. “[T]he court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues of fact to be tried.” M.R.C.P. 56 cmt. (emphasis added). Whether five minutes is enough time to clean up or warn of a spill is an “issue of fact to be tried.” The circuit court and the majority somehow have determined that five minutes is not enough time to clean up or warn of a spill. In making that determination, they have identified an issue to be tried, but they have tried it themselves. Karpinsky has produced evidence that the defendants had actual notice of the spill; and, viewed in the light most favorable to her, that the spill was on the floor for five minutes before her fall. Because it is abundantly clear to me that the plaintiff met her burden of proof of showing that there are disputed issues of material fact, I cannot agree that summary judgment was appropriate, and I respectfully dissent.
CHANDLER AND KING, JJ., JOIN THIS OPINION.