# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-02084-SCT

*LAURA KARPINSKY*

*v.*

*AMERICAN NATIONAL INSURANCE COMPANY*
*AND ORACLEAN, INC.*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/01/2010 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM C. MILLER |
| ATTORNEYS FOR APPELLEES: | SCOTT D. SMITH |
| | MARK NORTON |
| | V. K. SMITH, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED.  THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED - 03/07/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     In this slip-and-fall case, Laura Karpinsky alleges that she sustained injuries when she fell in a puddle in a shopping mall.  The Circuit Court for the First Judicial District of Harrison County found that Karpinsky had failed to offer any evidence that her fall was caused by negligence attributable to the Defendants, and entered summary judgment against her.  The Court of Appeals found that the circuit court had erred and reversed the summary-

judgment order.  We granted certiorari and, finding that the circuit court properly granted summary judgment in this case, we reverse the Court of Appeals and reinstate and affirm the order of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2.    Karpinsky slipped and fell in a puddle of water outside Lane Bryant, a store in Edgewater Mall.  Gail Clark, who had been shopping at Lane Bryant, witnessed Karpinsky's fall.  Clark testified during her deposition that there had been no water on the floor when she entered the store, but that when she exited after shopping for "about five minutes," she saw a cup with ice in it on the floor.[1]  Clark did not see how the spill occurred.  Approximately ten seconds later, Clark saw Karpinsky slip and fall.  Clark and her husband helped Karpinsky up and encouraged her to report the incident.  Karpinsky testified during her deposition that she had slipped on a liquid, but she did not know what the liquid was, how it got on the floor, or how long it had been there.

¶3.    Karpinsky filed suit against American National Insurance Company (ANIC), which owns the mall, and OraClean, which provides housekeeping services for the mall,[2] alleging that she was seriously injured when she slipped and fell, and that her fall was a result of Defendants' negligence.  Specifically, Karpinsky alleged that Defendants had knowledge of the water on the floor and had failed to take reasonable steps to ensure the floor was dry or to warn her adequately of the water on the floor.

_____

[1]Karpinsky's attorney did not ask Clark any questions during her deposition and did not attempt to impeach her testimony.

[2]The Court of Appeals referred to ANIC and OraClean collectively as "OraClean;" however, we refer to them as "Defendants."

¶4.    After discovery progressed, Defendants filed a motion for summary judgment, arguing that Karpinsky could not carry her burden of proof at trial because she could not show how long the water had been on the floor or that any negligence attributable to Defendants had caused her fall.  Defendants further argued that, based upon Clark's testimony, the water could not have been on the floor for more than five minutes, which was not long enough to reasonably expect Defendants to clean up the spill.

¶5.    Karpinsky did not file a response to Defendants' motion.  Instead, the day before the hearing on Defendants' motion, Karpinsky filed an affidavit executed by her former attorney, Dempsey M. Levi.  Levi averred that, in connection with representing Karpinsky, he had taken a recorded statement from Clark, and that Clark had told him that the spill had been there for "quite a while" and that there were "tracks, etc." in the spill.  Levi further averred that he had reviewed an "Incident Report" that indicated the mall's guest services had been notified of the spill prior to Karpinsky's fall.  A transcript of Clark's recorded statement and the incident report were attached to Levi's affidavit.  Defendants argued that the affidavit and attached documents were not competent summary-judgment evidence because they were hearsay and did not comply with the requirements of Rule 56(e) of the Mississippi Rules of Civil Procedure.

¶6.    The circuit court recognized that mere proof that a plaintiff fell on a floor located within a business owner's premises is not enough to prove that the owner was negligent. The circuit court found, without discussing Levi's affidavit, that Karpinsky had failed to offer any proof that her fall was caused by a negligent act of either Defendant or that Defendants had knowledge of a dangerous condition on the mall floor, and the court granted Defendants'

3

motion for summary judgment. Karpinsky appealed, and we assigned the case to the Court of Appeals.

¶7.    The Court of Appeals majority found that, while Defendants had shown the water had not been on the floor longer than five minutes and that Karpinsky did not know who had caused the spill, Defendants had not offered any evidence that they lacked knowledge of the spill.[3] The Court of Appeals further found that "whatever evidence Karpinsky could or could not produce at trial was not an issue until [Defendants] produced credible evidence at the summary-judgment stage that there were no genuine material issues for trial."[4] The Court of Appeals additionally found that, although "Levi's affidavit was objectionable because it did not comport with the requirements of Rule 56(e)," Defendants had waived their objection because they did not move to strike the affidavit, and the circuit court should have considered it.[5]

¶8.    The Court of Appeals concluded that the recorded statement and incident report attached to the affidavit created a genuine issue of fact as to how long the water had been on the floor and proved that Defendants had notice of the spill; therefore, the Court of Appeals reversed the circuit court's order and remanded the case for further proceedings.[6] We

---

[3] *Karpinsky v. American Nat'l Ins. Co.*, 2012 WL 1185949 (Miss. Ct. App. April 10, 2012).

[4] *Id.* at *2 (¶10).

[5] *Id.* at *3 (¶13).

[6] *Id.* at *5 (¶17). Presiding Judge Griffis argued in his dissent, joined by Judges Ishee and Barnes, that the majority improperly shifted the burden of proof to Defendants, and further argued that Levi's affidavit was incompetent summary-judgment evidence and should not have been considered by the trial court or the Court of Appeals.

4

granted certiorari to clarify the summary-judgment standard and to address whether an affidavit that does not comply with the requirements of Rule 56(e) of the Mississippi Rules of Civil Procedure is sufficient to meet a party's evidentiary burden at the summary-judgment stage.

## DISCUSSION

### I. Standard of Review

¶9.     We review the grant or denial of a motion for summary judgment de novo, viewing the evidence "in the light most favorable to the party against whom the motion has been made."[7]

### II. The Summary-Judgment Standard

¶10.     Summary judgment is appropriate and "shall be rendered" if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[8]   Importantly, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, will be entered against him."[9]

---

[7]*Pratt v. Gulfport-Biloxi Reg'l Airport Auth.*, 97 So. 3d 68, 71 (Miss. 2012) (citations omitted).

[8]Miss. R. Civ. P. 56(c).

[9]Miss. R. Civ. P. 56(e).

¶11.   This Court has explained that "in a summary judgment hearing, '[t]he burden of producing evidence in support of, or in opposition to, [the] motion . . . is a function of [Mississippi] rules regarding the burden of proof at trial on the issues in question.'"[10]  "The movant bears the burden of *persuading* the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law."[11]  "The movant bears the burden of *production* if, at trial, he 'would [bear] the burden of proof on th[e] issue' raised."[12]  In other words, "the movant only bears the burden of production where they would bear the burden of proof at trial."[13]  Furthermore, "summary judgment 'is appropriate when the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."'"[14]

¶12.   In this case, it is uncontested that Karpinsky was a business invitee on the day of the accident.  The duty of a business owner to an invitee is well-settled under Mississippi law and requires that the owner keep his premises in a reasonably safe condition.[15]  Mississippi law further requires that when a dangerous condition exists that was "created by someone not

---

[10]*Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990) (citations omitted).

[11]*Id.* (citations omitted) (emphasis in original).

[12]*Id.* (citations omitted) (emphasis in original).

[13]*Daniels v. GNB, Inc.*, 629 So. 2d 595, 600 (Miss. 1993).

[14]*Buckel v. Chaney*, 47 So. 3d 148, 153 (Miss. 2010) (citations omitted).

[15]*Miller v. R.B. Wall Oil Co.*, 970 So. 2d 127, 132 (Miss. 2007) (citation omitted).

6

associated with the business, the *plaintiff must produce evidence* that the owner or operator had actual or constructive knowledge of the dangerous condition as well as a sufficient opportunity to correct it."[16] Therefore, in order to recover, *Karpinsky* would be required to produce evidence at trial that Defendants (1) had knowledge of the spill, either actual or constructive, *and* (2) they had a sufficient opportunity to correct it.

¶13. We reiterate and clarify that, while Defendants carry the initial burden of *persuading* the trial judge that no issue of material fact exists and that they are entitled to summary judgment based upon the established facts, Karpinsky carries the burden of *producing* sufficient evidence of the essential elements of her claim at the summary-judgment stage, as she would carry the burden of production at trial. Conversely, because Defendants do not carry any burden of production at trial, they also do not carry any burden of production at the summary-judgment stage.

¶14. With these principles in mind, we turn to the central issue – whether the circuit court properly granted Defendants summary judgment based upon the facts established in this case.

### III. Whether Defendants are entitled to judgment as a matter of law.

¶15. We have held that a business owner is not "an insurer" of his patrons' safety, but must use reasonable care in maintaining his business in a safe condition.[17] In other words, Defendants were required only to "eradicate the known dangerous condition within a reasonable time or to exercise reasonable diligence in warning those who were likely to be

---

[16]*Id.* (emphasis added).

[17]*J.C. Penney Co. v. Sumrall*, 318 So. 2d 829, 832 (Miss. 1975).

injured because of the danger. In either case, however, defendants were entitled to a reasonable time in which to attempt to perform the duty imposed by law."[18]

¶16.   At the summary-judgment stage, Defendants carried the initial burden of persuading the circuit court that no issues of material fact existed in this case and that they were entitled to judgment as a matter of law. To support their motion, Defendants offered the depositions of Karpinsky and Clark, the only eyewitnesses to the fall. Karpinsky testified that she had slipped on a liquid, but did not know what the liquid was, how it got on the floor, or how long it had been there. Clark testified that there was no water on the floor when she went into Lane Bryant, but that there was a cup with ice in it on the floor when she exited approximately five minutes later. Defendants argued that, based upon the testimony of Karpinsky and Clark, Karpinsky could not show that Defendants had notice of the spill or had failed to clean up the spill in a reasonable time; therefore, they were entitled to summary judgment. We find that Defendants sufficiently met their initial burden of persuading the circuit court that there were no issues of material fact as established by the record and that they were entitled to judgment as a matter of law.

¶17.   After the Defendants met their initial burden, Karpinsky was required to produce *sufficient evidence* to establish the essential elements of her case on which she would bear the burden of proof at trial; *i.e.*, that Defendants (1) had knowledge of the spill, either actual or constructive,[19] and (2) that they had a sufficient time to correct it, either by cleaning up

---

[18]*Id.*

[19]Karpinsky argues that Defendants had actual knowledge of the spill and that this is not a constructive-notice case.

8

the spill or warning of its presence.[20]  Karpinsky did not file a response to Defendants'

motion.  Instead, on the eve of the hearing on Defendants' motion, Karpinsky filed an

affidavit executed by her former attorney, Dempsey Levi.  Attached to the affidavit were

Clark's unsworn recorded statement and a copy of the incident report regarding Karpinsky's

fall, both of which Levi averred he had obtained in the course of representing Karpinsky.

¶18.    During the hearing on Defendants' motion, Karpinsky's counsel argued that Clark's

recorded statement, in which Clark stated the spill had been on the floor "quite a while,"

would be used at trial to impeach Clark's deposition testimony that the spill had been on the

floor less than five minutes.  Karpinsky's counsel also argued that the incident report showed

Defendants had actual notice of the spill, although he admitted that the report did not state

what time Defendants had received actual knowledge of the spill.  Karpinsky's counsel

argued that, based on Levi's affidavit and attached documents, there were questions of fact

regarding how long the spill had been on the floor and whether Defendants had failed to

correct the spill in a reasonable time.

¶19.    Defendants argued in response that the affidavit and attached documents should not

be considered by the circuit court because they were incompetent summary-judgment

evidence under Rule 56, as they were hearsay and inadmissible as substantive evidence.  The

circuit court determined, without discussing the affidavit or attached documentation, that

Karpinsky had failed to present proof that Defendants' negligence caused her fall or that they

had any knowledge of the dangerous condition, and granted Defendants' motion for summary

judgment.

---

[20]*Miller*, 970 So. 2d at 132.

¶20.   We have held that if a "party *against whom* a motion for summary judgment is made wishes to attack one or more of the affidavits upon which the motion is based, he must file in the trial court a motion to strike the affidavit," or the objection is waived.[21] However, even if we assume that Defendants, who made the motion for summary judgment, waived their objection to the affidavit, this does not mean that the trial court, or an appellate court, is bound to *accept* the uncontested affidavit as competent evidence under the requirements of Rule 56, sufficient to establish facts for summary-judgment purposes. Rather, it means only that a court should not *strike* the affidavit and should *consider* it if the objection is waived.[22] Our trial courts, as well as this Court and our Court of Appeals, upon de novo review, must still determine whether a party has carried its summary-judgment burden based upon the evidence presented to the court.[23]

¶21.   Not every affidavit presented for a court's consideration is competent summary-judgment evidence under our rules; indeed, we have clearly held that "conclusory, self-serving affidavits" are not a "sufficient basis for granting summary judgment."[24] Rule 56(e)

---

[21]***Bd. of Educ. of Calhoun County v. Warner***, 853 So. 2d 1159, 1163 (Miss. 2003) (citations omitted) (emphasis added).

[22]*See **Borne v. Dunlop Tire Corp., Inc.***, 12 So. 3d 565, 570 (Miss. Ct. App. 2009) (noting that circuit court did not *strike* an affidavit when no motion to strike was made, but rather *considered* the affidavit and found it to be "not sufficient" under Rule 56).

[23]*See **Sweet v. TCI MS, Inc.***, 47 So. 3d 89, 93 (Miss. 2010) (explaining that, although the nonmoving party waived objection to the moving party's affidavit, the court still must determine whether the affidavit was sufficient to meet the moving party's burden, because the affidavit was the only evidentiary support for summary judgment).

[24]***Id.*** at 93 (citations omitted).

specifically addresses the requirements for the form of an affidavit on summary judgment as follows:

> Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts *as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matter stated therein. *Sworn or certified copies* of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.[25]

¶22.   In this case, after considering Levi's affidavit, we conclude that it is not sufficient to carry Karpinsky's burden for several reasons.  First, Levi's affidavit was not based upon *personal knowledge* of the facts he attempted to establish; *i.e.*, the length of time the spill had been present and that Defendants had actual knowledge of the spill.  Rather, Levi averred that *Clark had told him* the spill was on the floor for quite a while, and that he *learned from an incident report* that Defendants had been notified of the spill.  Clearly, Levi's affidavit was based upon hearsay[26] that would not be admissible in evidence at trial.[27]

¶23.   Second, an unsworn statement, such as Clark's, used as impeachment material at trial, would not be admissible as substantive evidence and would not "establish or in any way tend to establish the truth of the matters contained in the out-of-court contradictory statement."[28]

---

[25]Miss. R. Civ. P. 56(e)(emphasis added).

[26]Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M.R.E. 801(c).

[27]*Levens v. Campbell*, 733 So. 2d 753, 758 (Miss. 1999); *Borne*, 12 So. 3d at 572 (finding affidavit offered on summary judgment that was not based upon affiant's personal knowledge, but rather, contained multiple layers of hearsay, was "substantively insufficient").

[28]*Magee v. Magee*, 320 So. 2d 779, 783 (Miss. 1975).

11

Third, the copy of the incident report presented was not sworn or certified as required by Rule 56(e).

¶24.   In sum, we find that Levi's affidavit is not sufficient evidence to carry Karpinsky's burden in opposition to summary judgment because (1) it is not based upon Levi's personal knowledge, (2) it does not set forth facts that would be admissible in evidence, and (3) it does not include a sworn or certified copy of the incident report to which it refers.  Furthermore, assuming only *arguendo* that the incident report is competent evidence on summary judgment, it would establish only that Defendants had notice of the spill at some point before Karpinsky's fall.  As Karpinsky admitted, it does not establish when Defendants were notified of the spill or how long Defendants took to respond to the spill after they had notice.  Therefore, even if Karpinsky could establish that Defendants had *notice* of the spill, she presented no evidence that they had a *reasonable time* to correct the dangerous condition, yet failed to do so, which is an essential element of her claim.

## CONCLUSION

¶25.   We have held that "there must be some evidence of negligence given a jury before it can determine that a defendant is guilty of negligence."[29]  For the reasons discussed above, we find that Karpinsky "failed to 'make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'"[30]  Therefore, we find that the circuit court correctly granted summary judgment to Defendants.

---

[29]*Sumrall*, 318 So. 2d at 832 (citation omitted).

[30]*Buckel*, 47 So. 3d at 153 (citations omitted).

12

The judgment of the Court of Appeals is reversed, and the judgment of the Circuit Court of Harrison County is reinstated and affirmed.

¶26.   **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., PIERCE AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER AND KING, JJ.**

**KITCHENS, JUSTICE, DISSENTING:**

¶27.   The majority finds that the defendants sufficiently met their burden of persuading the circuit court that the record reflected no genuine issues of material fact, entitling them to judgment as a matter of law. Since I am convinced that the plaintiff has shown that there is indeed a genuine issue of material fact, I respectfully dissent.

¶28.   Karpinsky had to show two things to overcome the motion for summary judgment and proceed with the prosecution of her slip-and-fall case: (1) that the defendants had actual or constructive knowledge of the spill; and (2) that they had a sufficient opportunity to correct the spill, either by cleaning it up or warning passersby of the danger. *Miller v. R.B. Wall Oil Co., Inc.*, 970 So. 2d 127, 132 (Miss. 2007) (citation omitted). In arguing that there was no genuine issue of material fact, the defendants produced the depositions of both Karpinsky and Gail Clark, a witness, to suggest that the slippery condition in front of the store could not have existed for more than five minutes. The defendants argue that reasonable minds could not conclude that five minutes is enough time either to clean the spill or warn customers of its presence. The circuit court and the majority found that this was sufficient to shift the

13

burden to Karpinsky to produce sufficient evidence of the essential elements of her claim at the summary judgment stage.

¶29. To oppose the defendants' motion for summary judgment, Karpinsky filed the affidavit of her attorney, Dempsey M. Levi, submitted with two attached exhibits. The first exhibit was the transcript of a statement that Clark, the witness, had given to Levi regarding the incident; the second exhibit was an incident report of Karpinsky's fall, prepared by a mall employee. In her statement, Clark said that the spill had been on the floor "quite a while" and that "it appeared that the spill had spread and been tracked through." The incident report, although not specifying the time the spill was reported, stated that "Guest Services advised me that *prior to* the alleged incident a customer had informed of a spill in front of Lane Bryant [the store], at which time Guest Services notified housekeeping." (Emphasis added.)

¶30. The defendants do not dispute that they had actual knowledge of the spill based on the incident report. They argue instead that the affidavit of Levi was not based on personal knowledge, that the statement by Clark to Levi was unsworn and inadmissible hearsay, and that the incident report is inadmissible hearsay without some sponsoring testimony. The majority posits that the incident report was not sworn or certified and is therefore inadmissible. I do not dispute that Clark's unsworn statement is hearsay or that Levi's affidavit is not based on personal knowledge. However, the incident report is not hearsay; and, as explained below, the fact that the incident report is not sworn or certified does not render it inadmissible at trial, and therefore should not render it inadmissible at the summary judgment stage.

14

¶31.   Despite the defendants' contentions, the incident report is not hearsay because it is an admission of a party opponent. "A statement is not hearsay if . . . [it] is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." M.R.E. 801(d)(2). The incident report was prepared by Security Officer Katy Odell, who was employed by Edgewater Mall, which, at the time of the accident, was owned by American National Insurance Company (ANICO). "It is the well settled law that reports made by an agent in line of duty are admissible in evidence." *McGee v. Maryland Cas. Co.*, 240 Miss. 447, 451, 127 So. 2d 656, 657 (Miss. 1961). The incident report was prepared by a mall employee, in the course of her employment, concerning a matter within the scope of her agency or employment. It was prepared on Edgewater Mall letterhead. The defendants have not disputed that the report was prepared by a mall employee or claimed that it is inaccurate. This incident report, prepared by an employee of a defendant, fits squarely into Mississippi Rule of Evidence 801(d)'s definition of a statement that is not hearsay. Furthermore, since the defendants did not move to strike the nonhearsay and admissible incident report, I believe that the trial court was bound to consider it in determining whether Karpinsky had carried her burden of showing a disputed issue of material fact.

¶32.   The majority opines that the incident report is not admissible because it "is not sworn or certified as required by Rule 56(e)." This might be a concern if there were any dispute concerning the document's validity or accuracy. However, there is none. The defendants have never disputed the accuracy or authenticity of this document. They did not argue at the summary judgment hearing that they suffered undue surprise or prejudice through the

introduction of the incident report. Their sole argument is based on their incorrect contention that it constitutes inadmissible hearsay.

¶33.    Under the Federal Rules of Civil Procedure, "in order to rebut a properly supported [summary judgment] motion . . . Rule 56(e) requires the adversary to set forth facts that would be *admissible in evidence at trial*." 10A Wright & Miller, *Federal Practice and Procedure* § 2727 (3d ed. 1998) (emphasis added). Clearly, the incident report would be admissible at trial. Rule 1003 of the Mississippi Rules of Evidence provides that a copy of a writing "is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." M.R.E. 1003. This copy of the incident report would be admissible, as no genuine question of its authenticity has been raised, and there is no reason for us to believe that it would be unfair to admit it in lieu of the original. The incident report would have been admissible at trial, its authenticity is undisputed, and it satisfied Karpinsky's burden to show that the defendants had actual notice of the spill before her fall occurred.

¶34.    After considering the incident report and looking at the evidence in the light most favorable to the nonmoving party, the defendants were on actual notice of the presence of the spill. Clark's deposition testimony – which, of course, was sworn – indicated that the spill could not have been on the floor longer than five minutes. Considering the evidence in the light most favorable to the plaintiff, the spill was on the floor for five minutes, and the mall had actual notice very soon after the spill occurred. I believe that reasonable minds could differ as to whether five minutes is a sufficient length of time for the defendants either to

16

clean up the spill or to warn pedestrians of the danger it posed. Counsel for ANICO admitted as much at the summary judgment hearing. When challenging the unsworn statement of Clark that was attached to Levi's affidavit, counsel stated, "[h]e wants to say that Ms. Clark told him that the spill had been there quite a while. Well, what is quite a while? Quite a while may be five minutes to her." That is *exactly* the point. A jury very well could find that five minutes is "quite a while" for a spill to linger in front of a busy store with heavy foot traffic, and, in the context of all the relevant facts adduced during a trial on the merits, that this dangerous condition should have been addressed appropriately by the defendants within that time frame.

¶35.    "[T]he court cannot try issues of fact on a Rule 56 motion; it may only determine *whether there are issues of fact to be tried*." M.R.C.P. 56 cmt. (emphasis added). Whether five minutes is enough time to clean up or warn of a spill is an "issue of fact to be tried." The circuit court and the majority somehow have determined that five minutes is not enough time to clean up or warn of a spill. In making that determination, they have identified an issue to be tried, but they have tried it themselves. Karpinsky has produced evidence that the defendants had actual notice of the spill; and, viewed in the light most favorable to her, that the spill was on the floor for five minutes before her fall. Because it is abundantly clear to me that the plaintiff met her burden of proof of showing that there are disputed issues of material fact, I cannot agree that summary judgment was appropriate, and I respectfully dissent.

**CHANDLER AND KING, JJ., JOIN THIS OPINION.**