JAMES, J.,
dissenting:
¶ 21. The majority holds that granting summary judgment and denying Davis’s motion to continue was proper. However, I find that neither decision was proper, and I respectfully dissent. The Supreme Court of Mississippi has held: “A decision to grant or deny a motion to continue or a motion to stay the proceedings pending the outcome of a separate action is within the sound discretion of the trial judge and will not be disturbed absent evidence of abuse.” Prescott v. Leaf River Forest Prods., Inc., 740 So.2d 301, 307 (¶ 11) (Miss.1999). However, each litigant is entitled to his day in court. I find that the trial court abused its discretion in denying the continuance sought by Davis.
¶ 22. Further, the Mississippi Supreme Court has stated that “[a]n opportunity to flesh out discovery may especially be required where the information necessary to oppose the motion for summary judgment is within the possession of the party seeking summary judgment.” Owens v. Thomae, 759 So.2d 1117, 1120 (¶ 12) (Miss. 1999). Also, the nonmoving party must give specific facts as to why he cannot oppose the motion and how granting a postponement of the ruling or continuance would help him to oppose the motion. Id. Here, Davis required the doctor’s deposition in order to oppose the motion for summary judgment.
¶23. Dr. Hindman argues that Davis had access to the medical records and could have propounded discovery. Live testimony cannot be replaced by medical records. In a deposition, Dr. Hindman can go into further detail as to his reasoning behind conducting the procedure in a particular fashion. Also, in order to fully understand medical records, Dr. Hindman is needed to explain them. By not allowing Davis an opportunity to depose Dr. Hindman, she was essentially denied the opportunity to further investigate her case. Davis fully articulated her reasoning behind wanting to depose the doctor.
¶ 24. It should be noted that Davis filed her complaint in September 2009. Davis obtained new counsel in May 2010, almost a year after the complaint was originally filed. Substituted counsel was diligent in *220 his duties because he scheduled a deposition in December 2010, even though it was postponed by mutual agreement of both parties. Further, it appears from the record that potential dates were requested, but it is unclear as to whether or not Davis actually received those dates.
¶ 25. It is a “well established principle that summary judgments should be granted with great caution.” Smith v. Braden, 765 So.2d 546, 556 (¶ 30) (Miss.2000). Further, this Court has stated that “[a]s part of that exercise of discretion, the trial judge must have proof of diligence by the party seeking delay.” Hobgood v. Koch Pipeline Se., Inc., 769 So.2d 838, 846 (¶ 38) (Miss.Ct.App.2000). Here, Davis scheduled a deposition of Dr. Hindman, and once it was postponed, requested dates from Dr. Hindman for a deposition. The supreme court has also has stated that “[wjhile it is true that the non-moving party must be diligent in opposing summary judgment he must be given a fair opportunity to be diligent.” Smith v. H.C. Bailey Cos., 477 So.2d 224, 233 (Miss.1985) (internal citation omitted). Davis lacked the opportunity to complete her discovery because the trial court granted summary judgment against her, and did not grant her a continuance to get the deposition of Dr. Hindman.
¶ 26. In Karpinsky v. American National Insurance Co., 109 So.3d 84, 88 (¶ 10) (Miss.2013), the Mississippi Supreme Court stated that “[sjummary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]”
¶ 27. The appellate court “review[s] the grant or denial of a motion for summai'y judgment de novo, viewing the evidence ‘in the light most favorable to the party against whom the motion has been made.’ ” Id. at (¶ 9). The Mississippi Supreme Court has stated that “[a]t the summary-judgment stage, [the][d]efendants carried the initial burden of persuading the circuit court that no issues of material fact existed in this case and that they were entitled to [a] judgment as a matter of law.” Id. at 89 (¶ 16).
¶ 28. I am of the opinion that genuine issues of material facts exist and Dr. Hind-man and Surgery Associates were not entitled to a judgment as a matter of law. I would therefore reverse and remand this case for further proceedings in the trial court.
IRVING, P.J., JOINS THIS OPINION IN PART.