GRIFFIS, P.J., concurring in part and dissenting in part:
¶ 34. I would affirm the grant of summary judgment. Therefore, I concur with the majority's decision to affirm summary judgment as to the negligence claim and dissent from the decision to reverse and remand summary judgment as to the claim of breach of implied warranty of merchantability.
¶ 35. In Karpinsky v. American National Insurance Co., 109 So.3d 84, 88-89 (¶ 11) (Miss.2013), the supreme court discussed the de novo review of a summary judgment:
[I]n a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [he] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.
(Internal citations and quotation marks omitted). I am of the opinion that the McGintys did not make a showing sufficient to establish the existence of an element essential to their claim for implied warranty of merchantability. As a result, I believe the summary judgment was proper.
¶ 36. Under Mississippi Code Annotated section 75-2-314, the McGintys must prove: "(1) the Casino was a merchant which sold goods of the kind involved in the transaction, (2) that the defect was present when the product left the Casino's control, and (3) [Plaintiffs'] injuries were proximately caused by the defective nature of the goods." Thomas v. HWCC-Tunica, Inc., 915 So.2d 1092, 1094 (¶ 12) (Miss.Ct.App.2005). The trial court determined that, in a food-poisoning case, the McGinty's were required to:
1. present evidence that the food eaten at Grand Casinos "was infected by poisonous bacteria" which can be established only "by a chemical analysis" of the matter;
2. present expert testimony to establish proximate causation between the food at issue and the McGintys' alleged illnesses; and
3. present evidence that the "poisonous bacteria got into" the food through lack of the required care on the part of Grand Casinos.
*568 (Citing Goodwin v. Misticos, 207 Miss. 361, 42 So.2d 397, 402 (1949) ). The trial court then held that the McGinty's failed to prove their case.
¶ 37. The McGintys offered the following undisputed material facts prove proximate cause:
1. The McGintys tasted a pork chop at a Grand Casinos' restaurant. Mr. McGinty thought the taste was bad.
2. Hours after tasting the pork chop, the McGintys experienced symptoms of vomiting and diarrhea.
3. Over three weeks after the McGintys experienced these symptoms, a physician wrote Mrs. McGinty a letter that stated her prior symptoms were "related to food and drink you had prior to the event."
¶ 38. In Thomas, this Court affirmed the grant of summary judgment on a breach-of-implied-warranty claim. Thomas, 915 So.2d at 1094 (¶¶ 12-13). We reasoned that "the Thomases produced no evidence that there was a defect in the prime rib when it was served to her. In fact, there is no evidence beyond mere speculation that the toothpick was in the prime rib." Id. at (¶ 12).
¶ 39. The McGintys may not prevail on their food-poisoning claim under an implied-warranty-of-merchantability theory. They failed to offer any evidence that the pork chops served by Grand Casinos were "defective" at the time of the sale. Mr. McGinty said the pork chops "tasted funny," even though his wife continued to eat them. Further, the McGintys did not offer any evidence that the defective condition of the pork chops was a proximate cause of their alleged injuries.
¶ 40. I find that the trial court correctly granted summary judgment on the implied-warranty-of-merchantability claim. I would affirm the grant of summary judgment.
CARLTON, J., JOINS THIS OPINION.