# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01271-COA

BEULAH ABRAMS                                                           APPELLANT

v.

REPUBLIC FINANCE, LLC                                                    APPELLEE

DATE OF JUDGMENT:             06/24/2013
TRIAL JUDGE:                  HON. LEE SORRELS COLEMAN
COURT FROM WHICH APPEALED:    LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       BENNIE L. JONES JR.
ATTORNEY FOR APPELLEE:        THOMAS L. SEGREST
NATURE OF THE CASE:           CIVIL - CONTRACT
TRIAL COURT DISPOSITION:      SUMMARY JUDGMENT GRANTED TO
                              APPELLEE
DISPOSITION:                  AFFIRMED: 09/09/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Republic Finance sued Beulah Abrams on a delinquent promissory note. The trial court granted summary judgment against Abrams, and she appeals. We affirm.

## STANDARD OF REVIEW

¶2.     "We employ a de novo standard of review of a trial court's grant or denial of summary judgment and examine all the evidentiary matters before it . . . ." *Davis v. Hoss*, 869 So. 2d 397, 401 (¶10) (Miss. 2004). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." M.R.C.P. 56(c).

¶3. "The evidence is viewed in the light most favorable to the party opposing the motion." *Davis*, 869 So. 2d at 401 (¶10). "[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). Furthermore:

> [W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.

*Galloway v. Travelers Ins. Co.*, 515 So. 2d 678, 684 (Miss. 1987).

## DISCUSSION

¶4. This case has a somewhat unusual procedural history that is key to understanding the substantive defects in Abrams's defense.

¶5. Republic Finance filed for summary judgment. In response, Abrams filed an affidavit that stated:

> [Abrams] does not understand and has no independent recollection of having entered into or signed the note and/or security agreement – exhibit "A" attached to the Complaint filed by Republic Finance on or about January 27, 2010, and would state affirmatively that the Plaintiff has not shown that she owes the sum of $6,646.83; and she disputes the allegation that she owes $2,215.00 in attorney's fee[s]. She further disputes the allegation that she owes the total sum of $8,861.83 and all costs.
>
> Moreover, she disputes and denies that an interest rate of 35.75% per annum should accrue from January 18, 2010 or an interest rate from anytime [sic] herein.

¶6. Apparently as a result of Abrams's affidavit, Republic Finance realized that the note

attached to its complaint – although executed by Abrams in favor of Republic Finance – was for a different loan than the one it had described in the complaint and intended to recover upon.[1] With the trial court's permission, Republic Finance filed an amended complaint with the correct note attached.

¶7. Republic Finance then filed a second motion for summary judgment. The motion included an affidavit from Tammy Wooten, Republic Finance's branch manager in Columbus, Mississippi. Wooten stated that Abrams had executed the note attached to the amended complaint and that she was in default. Also attached was an affidavit from Republic Finance's attorney, who stated that the note provided for attorney's fees and that one-third of the amount owed under the note was a reasonable fee.

¶8. In response, Abrams submitted the exact same affidavit she had offered in response to the first motion for summary judgment – denying the note attached to the original complaint. At issue at this point was the second promissory note, the one attached to the amended complaint. Thus Abrams's statement that she did not remember signing a different note cannot create a genuine issue of material fact. The rest of the affidavit consists of conclusory assertions or denials. Abrams also submitted a copy of her answer to the amended complaint and her response to interrogatories in response to the second motion for summary judgment, but those also do not contain relevant, sworn statements of fact on personal knowledge; both consist almost entirely of conclusory assertions of legal theories.

---

[1] Apparently some of the proceeds of the second loan were used to satisfy the first promissory note.

¶9. We find that Abrams did not produce evidence sufficient to create a genuine issue of material fact.

¶10. For the first time on appeal, Abrams attacks the affidavits submitted by Republic Finance in its motion for summary judgment. She contends that Wooten's affidavit was insufficient because it was not based on personal knowledge. She further challenges both Wooten's affidavit and the attorney's affidavit as defective because they failed to include certified or sworn copies of the promissory note referenced within.

¶11. Abrams did not make these objections before the trial court, and they cannot be made for the first time on appeal. "[I]f a party against whom a motion for summary judgment is made wishes to attack one or more of the affidavits upon which the motion is based, he must file in the trial court a motion to strike the affidavit, or the objection is waived." *Karpinsky v. American Nat'l Ins. Co.*, 109 So. 3d 84, 90 (¶20) (Miss. 2013) (citation and internal quotation marks omitted).

¶12. We do recognize that waiver of the evidentiary objection is not necessarily dispositive. *See id.* at 90-92 (¶¶20-24). Even when evidentiary issues are waived, "upon de novo review, [courts] must still determine whether a party has carried its summary-judgment burden based upon the evidence presented . . . ." *Id.* at 90-91 (¶20) (citation omitted).

¶13. Abrams is correct that Mississippi Rule of Civil Procedure 56(c) requires that affidavits be made on personal knowledge. But Wooten's affidavit states: "I am the Branch Manager of Republic Finance, LLC, Columbus, Mississippi, . . . and in such capacity, I have oversight of the accounts of Republic Finance, LLC, and I am competent to make this

4

affidavit." Although it does not include the magic words "personal knowledge," the affidavit sufficiently sets out a factual basis for personal knowledge such that, without a timely objection, the issue was settled by the waiver. If it were "clear" Wooten did not have personal knowledge, a different result would obtain; but that is not the case. *See Karpinsky*, 109 So. 3d at 91 (¶22).

¶14. The promissory note was filed in the record as an attachment to Republic Finance's amended complaint. It was sufficiently authenticated and "sworn" by Wooten's affidavit, which incorporated the note by reference.

¶15. Even assuming the affidavits were technically deficient because Republic Finance failed attach an extra copy of the promissory note to each of the affidavits, it would not be a substantive defect as in *Karpinsky*. *See id.* at 91 n.27.

¶16. We conclude that the trial court properly granted summary judgment to Republic Finance.

¶17. **THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**