# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01508-COA

**DEIRDRE AND BARRY SWAFFORD**           **APPELLANTS**

**v.**

**FAZAL MANEJWALA, M.D. AND MEMPHIS**       **APPELLEES**
**OB-GYN ASSOCIATES**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/31/2013 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | BRIAN AUSTIN HINTON |
| | CHARLIE BAGLAN |
| | P. SHARKEY BURKE JR. |
| ATTORNEYS FOR APPELLEES: | CLINTON M. GUENTHER |
| | TOMMIE G. WILLIAMS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT |
| DISPOSITION: | AFFIRMED: 03/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ROBERTS AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. Deirdre and Barry Swafford appeal the summary judgment that dismissed their medical-malpractice claim, because the Swaffords failed to designate a medical-expert witness. We find no error and affirm.

## FACTS

¶2. In November 2010, Deirdre sought the services of Dr. Fazal Manejwala, at Memphis OB/GYN Associates ("MOA"), for a hysterectomy and bilateral salpingo-oophorectomy ("TAHBSO"). Dr. Manejwala performed the surgery laparoscopically,

and he was assisted by Dr. Alok Kumar. Deirdre claimed that she was injured during the surgery.

¶3. Deirdre had a second surgery, to repair her bowel, that was performed by Dr. Daniel Fore, with General Surgery of Southaven, LLC ("GSS"). Dr. Manejwala assisted in this surgery. Deirdre claimed that this surgery was not properly performed.

¶4. On January 9, 2012, the Swaffords filed a complaint for medical malpractice against Dr. Kumar, Dr. Fore, GSS, Dr. Manejwala, and MOA.

¶5. On November 2, 2012, the court entered an agreed scheduling order. The order provided that the Swaffords' expert witness(es) be designated no later than April 1, 2013. The Swaffords were unable to designate an expert by April 1, 2013, and they filed a motion to amend the scheduling order. They requested a ninety-day extension on all deadlines. In response, Dr. Manejwala and MOA asked the court to deny the extension and filed a motion for summary judgment.

¶6. The Swaffords retained an expert witness, Dr. Dave M. David, eighty days after they filed the motion for additional time. A week later, the Swaffords scheduled a hearing on their motion for additional time.

¶7. On June 28, 2013, the court heard the motion for additional time and the motion for summary judgment. In addition, that day, Dr. Manejwala and MOA filed a motion to strike Dr. David's affidavit. The court struck the affidavit and found that "sufficient cause" did not exist to extend the deadline. The court also concluded that even if the expert-witness affidavit was allowed, it failed to establish the Swaffords' claim of

medical negligence. As a result, with no expert witness, the court granted summary judgment and entered a final judgment. The Swaffords appeal the final judgment as to Dr. Manejwala and MOA, and they do not appeal the grant of summary judgment in favor of Dr. Fore and GSS.

**STANDARD OF REVIEW**

¶8. The grant of a motion for summary judgment is reviewed de novo. *Karpinsky v. American National Insurance Company*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). We view the evidence "in the light most favorable to the party against whom the motion has been made." *Id*. The supreme court has held:

> Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.

> This Court has explained that in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [the movant] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.

*Id*. at 88-89 (¶¶10-11) (internal quotation marks and citations omitted).

## ANALYSIS

¶9.     The Swaffords present one issue.  They argue that the trial court erred in denying their motion to amend and granting Dr. Manejwala and MOA's motion to strike and motion for summary judgment.  In short, they claim that the supreme court has ruled that every reasonable alternative means of eliminating prejudice and doling out sanctions should be explored before ordering the exclusion of evidence as a sanction for a discovery violation. *Mariner Health Care, Inc. v. Estate of Edwards ex rel. Turner*, 964 So. 2d 1138, 1152 (¶37) (Miss. 2007).

¶10.    Here, the Swaffords argue that the summary judgment resulting from the exclusion of the expert's affidavit and the denial of the motion to amend the scheduling order is simply too harsh a penalty.  They claim that there was no trial setting, and they had asked for an extension of time to designate experts within the original time prescribed for designation, not after.  Thus, the Swaffords assert that the dismissal with prejudice without allowing additional time was error.

¶11.    We will divide our analysis into two separate issues.

> *I.      Timeliness of the Swaffords' Expert-Witness Affidavit*

¶12.    The Mississippi Supreme Court has stated:

> Discovery responses are to be supplemented seasonably pursuant to Rule 26(f) of the Mississippi Rules of Civil Procedure.  It has been held that "seasonably does not mean several months later. It means immediately." *West v. Sanders Clinic for Women, P.A.*, 661 So. 2d 714, 721 (Miss. 1995). Additionally, "seasonableness must be determined on a case[-]by[-]case basis looking at the totality of the circumstances surrounding the

4

supplemental information the offering party seeks to admit." *Blanton v. Board of Supervisors*, 720 So. 2d 190, 195 (Miss. 1998).

*Bowie v. Montfort Jones Mem'l Hosp.*, 861 So. 2d 1037, 1041 (¶10) (Miss. 2003).

¶13. Here, the court instituted a scheduling order. The order mandated the Swaffords to designate their expert witnesses by April 1, 2013. The order also provided that deadlines "may be modified only by written consent of counsel for all parties with permission of the Court or the Order of the Court upon sufficient cause."

¶14. On the day of their expert-designation deadline, the Swaffords filed a motion to amend the scheduling order, which requested a ninety-day extension on all deadlines. In this motion, the Swaffords failed to cite any reason for their delay in either designating an expert or requesting an extension, and failed to show cause as to why the extension should be granted.

¶15. At the hearing, the Swaffords told the court they could not meet the scheduling-order deadline because the expert they retained unexpectedly retired. They did not reveal the name of that retired expert or present any evidence to support this contention. Eighty days later, the Swaffords obtained an affidavit from an expert witness, Dr. David. They submitted Dr. David's affidavit to the court, but they never filed an expert designation.

¶16. The circuit judge had considerable discretion to consider whether the Swaffords presented sufficient cause to modify the scheduling order. *Id*. at 1042 (¶14). "The discovery orders of the trial court will not be disturbed unless there has been an abuse of discretion." *Dawkins v. Redd Pest Control Co.*, 607 So. 2d 1232, 1235 (Miss. 1992).

¶17. In *Moore v. Delta Regional Medical Center*, 23 So. 3d 541, 547 (¶20) (Miss Ct.

App. 2009), an attorney failed to timely designate an expert witness. The court found the attorney's attempt to blame his own expert's tardiness as part of his failure to comply did not rise to good cause, excusable neglect, or special circumstances. *Id.*

¶18. Here, the circuit court judge concluded:

> The [Swaffords'] eleventh-hour motion to amend, along with their unexplained delay in setting the matter for hearing, their failure to show sufficient cause for the extension, and their failure to designate an expert within the additional time they requested to do so, all demonstrate a lack of excusable neglect and fall very short of demonstrating a good faith effort to comply with the scheduling order. This Court is accordingly not convinced that "sufficient cause" exists to extend the deadline, as is required by the agreed scheduling order.

Therefore, the court determined that the Swaffords were without sufficient cause and denied the Swaffords' motion to amend the scheduling order. We find that this decision was not an abuse of discretion.

*II.      Sufficiency of the Swaffords' Expert Testimony*

¶19. Further, the court found that even if the untimely expert testimony were allowed, it failed to establish a prima facie case of medical negligence. The expert needed to identify and articulate: (1) the standard of care, (2) a breach of the standard of care, (3) a causal connection between the breach and the injury, and (4) the extent of the plaintiff's damages. *McCaffrey v. Puckett*, 784 So. 2d 197, 206 (¶33) (Miss. 2001). This Court has held that in a medical-malpractice claim, "expert testimony must be used." *Posey v. Barrow*, 93 So. 3d 905, 907 (¶8) (Miss. Ct. App. 2012) (quoting *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992)). Further, "[n]ot only must this expert identify and articulate the requisite standard that was not complied with, the expert must also establish

6

that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *Id*. (citation omitted).

¶20.   Dr. David's affidavit stated:

> [I]t is my medical opinion that Dr. Manejwala fell below the standard of his care in his care and treatment of [Deirdre] by not converting the laproscopic procedure into an open procedure, unless he possessed extensive experience and skill in performing this procedure. . . .  It is further my opinion to a reasonable degree of medical certainty that without the extensive skill and experience in doing such tedious dissection, such a deviation from the standard of care would be a direct and proximate cause of [Deirdre's injuries].

After the review of Dr. David's affidavit, the court found:

> [T]he [Swaffords] have offered no proof, expert or otherwise, which would establish that Dr. Manejwala does not, in fact, possess such "extensive skill and experience"[;] the [Swaffords] have failed to establish a prima facia case of medical malpractice.  In other words, the [Swaffords] claim [Dr. Manejwala] violated the standard of care if he was not qualified without presenting any evidence to show that he was not qualified.

¶21.   We find no error in the court's conclusion that there were no facts set forth in Dr. David's affidavit that would establish that Dr. Manejwala breached his standard of care when performing the surgery.  To defeat a motion for summary judgment, more than general allegations are needed.  *Drummond v. Buckley*, 627 So. 2d 264, 267 (Miss. 1993). There must be specific facts showing that issues exist which necessitate a trial.  *Id*.  Here, because the affidavit only contained general allegations, we find no error in the court's decision to grant summary judgment.

¶22.   The Swaffords also argue that summary judgment is too harsh of a sanction for failing to obey the scheduling order.  However, "our trial judges are afforded considerable

7

discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases." *Bowie*, 861 So. 2d at 1042 (¶14). Further, "[o]ur trial judges also have a right to expect compliance with their orders, and when parties and/or attorneys fail to adhere to the provisions of these orders, they should be prepared to do so at their own peril." *Id*.

¶23. Accordingly, we find that this issue is without merit. Therefore, the summary judgment in favor of Dr. Manejwala and MOA is affirmed.

¶24. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**