GRIFFIS, P.J.,
SPECIALLY CONCURRING:
¶ 37. I agree with the majority that the chancellor’s final judgment that granted summary judgment should be reversed and remanded. However, I do not agree with the majority’s reasoning. The majority addresses a number of legal concepts that I do not believe are necessary.
¶ 38. In Karpinsky v. American National Insurance, 109 So.3d 84, 88-89 (¶¶ 9-11) (Miss. 2013), the Mississippi Supreme Court addressed the appropriate standard of review and the summary judgment standard:
I. Standard of Review
We review the grant or denial of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom the motion has been made.
II. The Summary-Judgment Standard Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.
This Court has explained that in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [he] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party’s case, and on which that party will bear the burden of proof at trial.
(Citations and quotation marks omitted).
¶ 39. In my de novo review, I have considered the motion for summary judgment filed by the Appellees, who were the plaintiffs and are the wrongful-death beneficiaries and heirs-at-law of Kimberly Simmons. The motion for summary judgment does not include any affidavits. Attached to the motion were a couple of letters and Denham Law’s response to requests for *682 admissions. I also have considered the brief filed by the Appellees, where they included the following statement of facts:
Kimberly Ann Simmons died from lung cancer on April 21, 2011. [Compl, R. at 1.] Surviving Ms. Simmons were her six adult children, David Nelson, Savannah Simmons, Misty Loper, Rachel Bene-field, Shannon Simmons and Shane Nelson. [Id. at 6.] Shane Nelson later passed away as well, and was survived by his daughter, Teressa Nicole Nelson, a minor. Guardianship of Teressa was assumed by her maternal grandmother, Sheryl Ann Phillips. In early 2012, four of the children (Savannah Simmons, David Nelson, Misty Loper and Shannon Simmons) entered into contracts with DLF to represent them in a medical malpractice/wrongful death action arising from an alleged failure to diagnose cancer leading to their mother’s death. [Compl. Exs., R. at 8-12.] DLF never entered into contracts with Teressa Nicole Nelson or Rachel Benefield. [Den-ham’s Resp. to Req. for Admis., R. at 35.] DLF’s contracts with the four heirs it represented included a clause which stated as follows:
I do hereby grant to DENHAM LAW FIRM, PLLC an attorney’s lien for the value of its services actually performed at its normal hourly rate and for all its costs, advances, and expenses of whatever nature in connection with my claim, including but not limited to fees of associates and paralegals. Any proceeds that I receive from my litigation will be delivered in a check or draft payable to the firm of DENHAM LAW FIRM, PLLC and to me, jointly, to secure payment of the firm’s attorney’s lien. This paragraph shall survive the termination of this contract for any reason.
[Compl. Exs., R. at 8-12] (emphasis added). The three heirs with whom DLF had contracts were represented exclusively by Kristopher W. Carter, a partner at DLF, during their time at that firm. [Id.; Notice of Attorney Lien attached to Denham’s Resp. to Req. for Admis.] On September 12, 2013, Kristopher W. Carter and Albert R. Jordan, IV were “dismissed” from DLF by Earl L. Denham because they would not agree to buy his law firm at his terms, and were ejected from the building by Denham on the spot. [Denham Law’s Resp. to Mot. for Summ. J., R. at 45.] Kristopher W. Carter and Albert R. Jordan, IV, formed the law firm of Carter & Jordan, PLLC, shortly thereafter. [Compl, R. at 3.] Upon learning of Carter and Jordan’s departure, the heirs/beneficiaries with whom DLF had contracts terminated DLF’s services. [Id.] DLF immediately filed Notices of Attorney Lien for the work performed at DLF on the case prior to Carter’s and Jordan’s departure. [Exs. H and I to Denham Law’s Resp. to Mot. for Summ. J., R. at 76-80.] Over the next few months, all of the heirs/wrongful death beneficiaries (Savannah Simmons, David Nelson, Misty Loper, Rachel Benefield, Teressa Nicole Nelson and Shannon Simmons) contracted with Carter & Jordan, PLLC, to represent them in the wrongful death/medical malpractice suit. [Compl., R. at 3.] After extensive litigation in federal court, C&J reached a tentative settlement of the lawsuit on behalf of the Heirs. [Id.] C&J requested DLF’s lien amount to finalize the settlement, but DLF refused to state the amount of its lien (even when requested to do so by the federal magistrate judge). [PL’s Mot. for Summ. J., R. at 29.] Accordingly, the Heirs had no choice but to file a Complaint for Declaratory Judgment in the Chancery Court of Jackson County, Mississippi, on July *683 23, 2014, asking that the court enforce the terms of DLF’s contract defining its attorney lien. [Compl., R. at 1.] The Heirs additionally served Requests for Admission on DLF, to which DLF later responded. [R. at 35-38.] Inter alia, DLF explicitly admitted the following: (1) that its contracts with the former clients all contained the referenced termination clause; (2) that the contracts contain a provision defining the amount of its lien in the event of termination of employment of DLF; (3) that DLF was bound by these contracts; and (4) that it refused to agree to a lien calculation in accordance with its own contract. [R. at 35-38.] The Heirs filed a Motion for Summary Judgment regarding the lien calculation and the enforceability of the contract clause, which, after holding a hearing, the Court granted on January 22, 2015. [R. at 28, 94.] Indeed, when Earl L. Denham was directly asked by the chancellor during the hearing, “the real issue is the client contract, is it not?”; he replied ‘Tes, sir.” [Tr. at 8.] The Court explained its rejection of DLF’s argument during the hearing, stating, “I know this. I know that these people have a contract with your law firm, and they filed a dec action which is a classic dec action litigation to say what are our rights under that contract.” [Tr. at 16.] DLF further expressly waived its request for sanctions and any counterclaims, cross-claims and third party claims it might have. [Tr. at 46.] DLF filed motions to dismiss and to disqualify counsel, claiming that the Heirs did not have standing to bring suit, and that Carter and Jordan should be disqualified as counsel because they were “material witnesses,” but the Special Chancellor denied those motions. The Special Chancellor ruled, in his Order on the Motion for Summary Judgment, that the Heirs did have standing to bring suit, and that DLF’s lien was defined by the terms of its own contract. [R. at 94-95.] After the parties stipulated as to the dollar amount of DLF’s time and expenses on the case, the trial court entered its Final Order and Judgment on March 20, 2015, stating the amount certain of DLF’s hen. [R. at 114.]
(Footnote omitted).
¶ 40.1 have also considered the affidavit Denham Law filed in response to the motion for summary judgment. In that affidavit, Denham Law offered evidence of his firm’s contract and questioned whether Carter and Jordan had a separate contract. This indicated that there is a genuine issue of a material fact as to whether Carter and Jordan’s contractual agreement was based on the Denham Law contract, or whether there was a new contract that terminated the Denham Law contract. The significance of this issue is that this genuine issue of a material fact may decide under which of the two paragraphs in the contract Denham Law was entitled to be compensated.
¶ 41. Accordingly, I find that the Appel-lees have failed to satisfy their burden of proving that no genuine issue of material fact exits and they are entitled to a judgment as a matter of law. For this reason, I would reverse and remand for further proceedings.
¶42. In addition, I believe this case points to an inconsistency in the Mississippi Rules of Court that should be addressed.
¶ 43. If a motion for summary judgment is filed in circuit or county court, Rule 4.03 of the Uniform Rules of Circuit and County Court provides in relevant part:
The provisions of this rule shall apply to all written motions in civil actions.
1. The original of each motion, and all affidavits and other supporting evi-dentiary documents shall be filed with the clerk in the county where the *684 action is docketed. The moving party at the same time shall mail a copy thereof to the judge presiding in the action at the judge’s mailing address. A proposed order shall accompany the court’s copy of any motion which may be heard ex parte or is to be granted by consent. Responses and supporting evidentiary documents shall be filed in the same manner.
2. In circuit court a memorandum of authorities in support of any motion to dismiss or for summary judyment shall be mailed to the judye presiding over the action at the time that the motion is filed. Respondent shall reply within ten (10) days after service of movant’s memorandum. A rebuttal memorandum may be submitted within five (5) days of service of the reply memorandum. Movants for summary judgment shall file with the clerk as a part of the motion an itemization of the facts relied upon and not genuinely disputed and the respondent shall indicate either agreement or specific reasons for disagreement that such facts are undisputed and material. Copies of motions to dismiss or for summary judgment sent to the judge shall also be accompanied by copies of the complaint and, if filed, the answer.
3. Accompanying memoranda or briefs in support of other motions are encouraged but not required. Where movant has served a memorandum or brief, respondent may serve a reply within ten (10) days after service of movant’s memorandum or brief. A rebuttal memorandum or brief may be served within five (5) days of service of the reply memorandum.
(Emphasis added).
¶ 44. The Uniform Chancery Court Rules do not have a similar procedure. There is no reason that the procedures in circuit, chancery, and county courts are not the same with respect to motions for summary judgment. Here, it would have been helpful to the determination of the motion for the chancellor and this Court to have the benefit of the movants’ “itemization of the facts relied upon and not genuinely disputed” and to have Denham Law “indicate either agreement or specific reasons for disagreement that such facts are undisputed and material.” I call upon the supreme court to amend the Uniform Chancery Court Rules to include a provision similar to Rule 4.03 of the Uniform Rules of Circuit and County Court.
FAIR, J„ JOINS THIS OPINION IN PART.