# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01117-COA

WILLIAM KLOSS                                                    APPELLANT

v.

BAY PEST CONTROL, INC.                                          APPELLEE

DATE OF JUDGMENT:            09/02/2021
TRIAL JUDGE:                 HON. LAWRENCE PAUL BOURGEOIS JR.
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT,
                             SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      WILLIAM ALEX BRADY II
ATTORNEYS FOR APPELLEE:      JAMES R. MOORE JR.
                             KYLE ROBERTS KETCHINGS
NATURE OF THE CASE:          CIVIL - CONTRACT
DISPOSITION:                 AFFIRMED - 04/25/2023
MOTION FOR REHEARING FILED:

### BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.    After termites damaged his home, William Kloss sued Bay Pest Control Inc. for breach of a termite-prevention contract and negligence. The trial court granted summary judgment in favor of Bay Pest Control. Finding summary judgment was appropriate, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    In May 2015, Kloss discovered active termites in the bedroom of his vacation home in Biloxi, Mississippi. He contacted Bay Pest Control, and a technician inspected the home and chemically treated for termites in the bedroom, as well as two portions of the front of the home. The technician advised that the termites had been eliminated. Kloss then entered into

a contract with Bay Pest Control for an annual inspection of the home and re-treatment for termites as needed. Bay Pest Control inspected the home for termites in May 2016, May 2017, and July 2018 and reported no active termites during those inspections.

¶3. In December 2018, active termites were again discovered in the home. After noticing a soft spot in the kitchen floor possibly caused by water damage, Kloss hired a carpenter to repair the floor. When the carpenter removed the damaged floor in the kitchen, he found live termites underneath the kitchen floor. Further inspection revealed termite damage in other parts of the home, including columns located inside the home. Kloss reported the termite infestation to Bay Pest Control. In January 2019, Bay Pest Control inspected the home and treated the second termite infestation.

¶4. In February 2019, Kloss filed a complaint with the Mississippi Bureau of Plant Industry (BPI), which in turn inspected the property and prepared a report. The BPI inspector found that any termite damage and activity "would not have been visible during an annual inspection without removing the siding and facia exposing the termites present." The inspector concluded that Bay Pest Control's inspections, treatment, and re-treatment of the home were done in accordance with BPI regulations.

¶5. On May 13, 2019, Kloss filed a complaint in the Harrison County Circuit Court against Bay Pest Control seeking to recover damages to his home caused by the termites discovered in December 2018. Kloss alleged claims for breach of contract, breach of warranty, negligence, negligent misrepresentation, and negligent infliction of emotional distress, and sought to recover damages to the home estimated at approximately $100,000.

Bay Pest Control filed an answer denying liability. The parties propounded interrogatories and noticed depositions.

¶6. In May 2021, Bay Pest Control moved for summary judgment. Kloss responded in opposition. After a hearing, the trial court granted the motion and entered a judgment of dismissal with prejudice on September 2, 2021. Kloss appeals.

**STANDARD OF REVIEW**

¶7. We review a trial court's summary judgment ruling de novo, "viewing the evidence in the light most favorable to the party against whom the motion has been made." *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013) (internal quotation marks omitted). "Summary judgment is appropriate and 'shall be rendered' if the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* at (¶10) (quoting M.R.C.P. 56(c)).

¶8. The party moving for summary judgment bears the burden of persuading the trial court that no genuine issue of material fact exists and that judgment is proper as a matter of law. *Id.* at (¶11). In response, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). The nonmoving party must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Karpinsky*, 109 So. 3d at 89 (¶11). "[T]he non-moving party must be given the benefit of the doubt concerning the existence of a

material fact." *One S. Inc. v. Hollowell*, 963 So. 2d 1156, 1160 (¶6) (Miss. 2007). "If any triable issues of material fact exist, the trial court's decision to grant summary judgment will be reversed." *Chaffee ex rel. Latham v. Jackson Pub. Sch. Dist.*, 270 So. 3d 905, 907 (¶10) (Miss. 2019).

## DISCUSSION

### I. The trial court properly granted summary judgment in favor of Bay Pest Control on Kloss's breach-of-contract claim.

¶9. Kloss argues that the trial court erred in granting summary judgment in favor of Bay Pest Control because a genuine issue of material fact exists as to whether Bay Pest Control breached the "Retreatment Warranty" entered into by the parties. Specifically, Kloss asserts that the plain language of the contract required Bay Pest Control to inspect for and "control termites," and the discovery of termites and resulting damage to the home showed that Bay Pest Control breached its contractual duty to inspect for and "control termites" in the home.

¶10. A claimant must prove two elements to succeed on a breach-of-contract claim: (1) "the existence of a valid and binding contract," and (2) "that the defendant has broken, or breached it." *Maness v. K & A Enters. of Miss. LLC*, 250 So. 3d 402, 414 (¶43) (Miss. 2018) (quoting *Bus. Commc'ns Inc. v. Banks*, 90 So. 3d 1221, 1224 (¶10) (Miss. 2012)). The parties do not dispute on appeal that the "Retreatment Warranty" is a valid and binding contract.[1] Thus, we limit our discussion to whether Kloss has shown a genuine issue of

---

[1] In his response to Bay Pest Control's motion for summary judgment, Kloss argued that certain terms of the "Retreatment Warranty" were inapplicable because his signature did not appear on the document. However, he did not argue that the "Retreatment Warranty" was not a valid or binding contract. On appeal, Kloss takes the clear position that "[a] valid and binding contract between Kloss and Bay Pest existed" and that "[t]he language of the

material fact sufficient to withstand summary judgment as to the alleged breach of the contract.

¶11. The "Retreatment Warranty" states that it is the "Standard Contract for Control of Reticulitermes Subterranean and Coptotermes Formosan Termites adopted by the Mississippi Pest Control Association." The warranty provides as follows:

> Bay Pest Control does hereby agree to treat the building or buildings listed and more particularly described below in accordance with regulations and requirements of the Bureau Plant Industry of Mississippi applicable to and for the control of (Subterranean and Coptotermes Formosan Termites) by application of chemical formula and other control and protection procedures, all as approved and provided for by the said Bureau Plant Industry and its rules and regulations applicable thereto.
>
> . . . .
>
> Work performed under this agreement shall comply with the minimum requirements of the Bureau Plant Industry of Mississippi for the type of building and the construction thereof, except as follows: Conducive areas: soil above slab/brick[;] Inaccessible Areas: expansion joints/masonary voids[.] Structure treated will be placed under a (1) one year retreatment only warranty.
>
> SLAB-TYPE CONSTRUCTION: It is agreed by both parties that on slab-type construction the liability of Bay Pest Control, if any, shall be limited to retreatment only.
>
> . . . .
>
> In fulfilling the conditions of this agreement, BAY PEST CONTROL agrees to control (Reticulitermes Termites and Coptotermes Formosan Termites) as defined and required under the rules and regulations of the Bureau Plant Industry of Mississippi for a period of one (1) year from the effective date of this agreement.
>
> On the anniversary date of this agreement, it may be continued on a service basis from year to year thereafter, at the option of both parties. If continued

---

[c]ontract is clear and unambiguous and must be enforced as written."

5

on a service basis, the purchaser agrees to pay Bay Pest Control an annual renewal of $275.00 plus tax in advance. Upon renewal of this agreement, Bay Pest Control agrees to inspect said property not less than once annually and to do any retreatment work required at no further cost to homeowner, provided that there has been no change by purchaser or anyone else of the structure of the conditions of the structure as originally treated.

. . . .

Liability of Bay Pest Control hereunder and/or by reason of that done hereunder is limited to the original term of the agreement and any renewal thereof, and is conditioned upon active termites or fresh termite damage being found at the point of damage upon inspection or reinspection by either Bay Pest Control or a Bureau of Plant Industry Board Inspector. Anything contained herein to the contrary notwithstanding, the liability of Bay Pest Control for damage by or from the (Termites) shall be limited at all times to the original amount of this contract as first set out herein. . . . The owner agrees that no cause of action shall be commenced in a court of law or equity for damages in excess of the original amount of the agreement until an inspection of the property has been made by an inspector of the Bureau of Plant Industry to verify the fact that the damage has been caused by termites and/or beetles and there is evidence of negligence by Bay Pest Control in the original treatment or retreatment of said property. An estimate of the excess damages, if any, shall be made by one or more persons competent to make estimates of structural repairs.

¶12. As the summary judgment movant, Bay Pest Control bore the burden of persuading the trial court that no genuine issue of material fact existed as to Kloss's claim for breach of contract. Bay Pest Control submitted the "Retreatment Warranty" and the BPI inspector's report, among other documents, in support of its motion for summary judgment.

¶13. The plain language of the "Retreatment Warranty" states that before a property owner may commence suit under the contract for damages in excess of the original amount of the agreement, the property must be inspected by a BPI inspector "to verify . . . there is evidence of negligence by Bay Pest Control in the original treatment or retreatment of said property."

Kloss estimated his damages to be approximately $100,000, well in excess of the original contract price of $2,768.62, and he contacted BPI to perform an inspection.

¶14. The BPI inspector, Lloyd Ryals, reported that in February 2019, he and another BPI inspector Tim Lockley walked the perimeter of Kloss's home, viewed the hole in the slab in the kitchen floor, viewed the damage to the front interior of the home in the downstairs bedroom, and saw "extensive damage" along the roof line. Ryals submitted a report with the following conclusions:

> While under contract with Bay Pest Control, the termite damage and activity would not have been visible during an annual inspection without removing the siding and facia exposing the termites present.
>
> After the initial walk through and inspection of the property Tim Lockley had contacted Bay Pest Control to get the documentation involving Mr. Kloss' property. Upon review of the documents, treatment, annual inspections, and retreatment were done in accordance to the regulations.

¶15. On appeal, Kloss argues that regardless of BPI's findings, the contract unambiguously required Bay Pest Control "to control" termites in the home, and "Kloss, without dispute, established that, in December 2018, his home was infested with the type of termites that Bay Pest promised to control." Kloss argues that the presence of termites in the home proves that Bay Pest Control breached the contractual duty "to control" termites. Kloss further argues that Bay Pest Control breached its contractual duty to inspect and treat the home. Kloss cites the provision in the contract requiring Bay Pest Control to inspect the home "not less than once annually." Kloss argues that the words "not less than once annually" did not limit the inspections to once annually but meant that Bay Pest Control "could have inspected 100-times per year" if necessary to control termites, especially because Kloss used the home as

7

a vacation home and was not consistently present in the home. But this is not what the contract required.

¶16. Nowhere in the contract does the word "control" impose a duty on Bay Pest Control to ensure that termites would not enter or damage the home, nor does the presence of termites in the home automatically establish that Bay Pest Control breached its duty to control termites or its duty to inspect the home. The contract required Bay Pest Control "to control" termites "*in accordance with regulations and requirements of the Bureau Plant Industry of Mississippi.*" (Emphasis added). BPI's report, requested by Kloss, found that Bay Pest Control's "treatment, annual inspections, and retreatment were done in accordance to the regulations."

¶17. In support of his argument that regardless of the BPI's findings, the contract language creates a jury question regarding the duty "to control" termites, Kloss cites *Rein v. Benchmark Construction Co.*, 865 So. 2d 1134 (Miss. 2004). In *Rein*, an elderly resident of Silver Cross nursing home died after being attacked and bitten by fire ants while lying in her bed. *Id.* at 1136-37 (¶2). Her husband and son filed a wrongful-death suit against various entities including a pest-control company Natural Accents, which had contracted with Silver Cross to provide "ant bed control." *Id.* The plaintiffs alleged that Natural Accents "negligently failed to treat the grounds and/or to properly advise Silver Cross on treatment or eradication of fire ants" and "fail[ed] to control the irrigation surrounding the facility and advise Silver Cross on possible irrigation problems." *Id.* at 1141 (¶22). Natural Accents moved for summary judgment, which was granted. *Id.* at 1147 (¶42). The Mississippi

8

Supreme Court reversed and remanded, finding that genuine issues of material fact existed as to Natural Accents' duty under the contract. *Id.* Specifically, the supreme court found that "the proposal from Natural Accents to Silver Cross . . . did indeed contract to provide 'ant bed control.'" *Id.* The supreme court found that under the express terms of the agreement, "Natural Accents obligated itself . . . to *some duty* to inspect and treat ant beds at Silver Cross," and "[t]he scope of that duty is a proper question for the trier of fact." *Id.* (emphasis added).

¶18.    *Rein* is distinguishable from the current case. In *Rein*, the parties did not present proof as to what specific duty Natural Accents was required to perform under the contract. Rather, the supreme court held that there was "some duty," but because the duty was undefined in the record, the "scope of that duty" must be determined by the trier of fact. *Id.* Here, it is undisputed that Bay Pest Control had a duty under the contract to inspect, treat, and control termites in Kloss's home. But unlike the parties in *Rein*, Bay Pest Control presented proof of the scope of that duty. Evidence was presented in the form of the contract itself and the BPI inspector's report, which found that Bay Pest Control complied with BPI regulations as required by the contract.

¶19.    Not only does the contract not provide an absolute guarantee that termites will be prevented, but the contract's own terms anticipate that termites may enter or damage the home even during re-treatment, and it limits Bay Pest Control's liability in such an event unless a BPI inspector finds that "there is evidence of negligence by Bay Pest Control in the original treatment or retreatment." The terms of the contract are unambiguous and must be

enforced as written.  *Epperson v. SOUTHBank*, 93 So. 3d 10, 16 (¶17) (Miss. 2012).

¶20.    As the summary judgment opponent, Kloss bore the burden of rebutting Bay Pest

Control's assertions by producing "significant probative evidence showing that there are

indeed genuine issues for trial."  *Price v. Purdue Pharma Co.*, 920 So. 2d 479, 485 (¶16)

(Miss. 2006).  Bay Pest Control presented sufficient evidence to establish its burden of

persuasion and production to show that it had performed the duties required in the contract.

Kloss presented no evidence to refute Bay Pest Control's assertions and evidence.[2]  At the

summary judgment hearing, the following exchange occurred when Kloss asserted that Bay

Pest Control breached its "duty to control, inspect, and treat" termites in the home:

| THE COURT: | What proof do you have of that? |
|---|---|
| [KLOSS'S COUNSEL]: | I have the damage from termites, the inspection report that the termites were there, and – |
| THE COURT: | Well, is a termite company a guarantor that there will never be termites when they take a contract on it? |

---

[2] Kloss attached the following documents in support of his response in opposition to summary judgment: (1) the May 19, 2015 "Retreatment Warranty"; (2) the invoices and appointment records from Bay Pest Control related to the 2016, 2017, 2018, and 2019 inspections and treatments of Kloss's home; (3) Kloss's written description of the termite infestation; and (4) the BPI report.  Kloss presented no expert affidavits or other proof that Bay Pest Control breached its duties under the contract or acted negligently.  *See Stuckey v. The Provident Bank*, 912 So. 2d 859, 866 (¶12) (Miss. 2005) (explaining that "[s]ummary judgment . . . is a mechanism by which a moving party is able to pierce the allegations made in the opponent's pleadings and, quite simply, place the non-moving party (opponent) in a position of having to convince the trial court *via discovery documents (depositions, answers to interrogatories, admissions, etc.) and/or sworn affidavits* that there are genuine issues of material fact which require resolution by a plenary trial before the trier-of-fact" (emphasis added)).  To the contrary, the BPI report submitted by Kloss found that Bay Pest Control acted "in accordance to [BPI] regulations."

10

| [KLOSS'S COUNSEL]: | I don't know that they are a guarantor that there will never be termites, but I think they have to perform their duties in a manner to find termites, which I would – |
| --- | --- |
| THE COURT: | So I guess that's what I'm asking. What proof do you have that they violated that? Because so far all I have heard is the Bureau of Plant Industry inspected and said there was no violation of the standard of care, if you will. |
| . . . . | |
| THE COURT: | What's the proof that they failed to inspect properly? |
| [KLOSS'S COUNSEL]: | Termites in the house. |
| THE COURT: | Okay. |

¶21.  Viewing the evidence in the light most favorable to Kloss, his conclusory assertion that because termites damaged the home, Bay Pest Control must be liable does not support a finding of a genuine issue of material fact for trial. Because Kloss has not demonstrated that he can sustain an action for breach of contract, summary judgment was appropriately granted on this issue.

**II.     The trial court properly granted summary judgment in favor of Bay Pest Control on Kloss's negligence claim.**

¶22.  Kloss argues that a jury question exists regarding whether Bay Pest Control negligently failed to use reasonable care to treat, inspect, and control termites under the contract.

¶23.  "[T]o prevail on a claim of negligence, the plaintiff must establish by a preponderance of the evidence each of the elements of negligence: duty, breach, causation and injury."

11

*Sanderson Farms Inc. v. McCullough*, 212 So. 3d 69, 76 (¶17) (Miss. 2017) (internal quotation marks omitted). "Duty and breach of duty . . . are essential to finding negligence and therefore, must be demonstrated first." *Id.*

¶24. The only evidence presented as to Kloss's negligence claim was the BPI report. As provided in the contract, Bay Pest Control had a duty to annually inspect and re-treat the home for termites in accordance with BPI regulations. After inspecting the home and reviewing the documents provided by Bay Pest Control in relation to Kloss's property, the BPI inspector concluded that Bay Pest Control complied with BPI regulations. The inspector found that any termite damage and activity "would not have been visible during an annual inspection without removing the siding and facia exposing the termites present."

¶25. While Kloss argues that Bay Pest Control had a duty to take any steps necessary to look for termites, including the removal of siding and facia, he cites nothing to support this argument. To the contrary, the BPI report contains no finding that Bay Pest Control owed a duty to remove siding and facia in its inspection but, instead, finds that Bay Pest Control's inspection complied with BPI regulations without the removal of siding and facia. Again, to withstand summary judgment, Kloss must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Karpinsky*, 109 So. 3d at 89 (¶11). Kloss has not presented any evidence that he can support a claim for breach of duty in the context of his negligence allegations.

¶26. Kloss's argument that the presence of termites alone is sufficient to sustain his

negligence claim is not supported by the contract and, additionally, is contrary to the law of this State. In *State ex rel. Corley v. Hines*, 203 Miss. 60, 69, 33 So. 2d 317, 318 (1948), the supreme court addressed an argument that termite-prevention contracts should require the complete "eradication" of termites. The supreme court rejected the argument, finding "that it is not within reason in the administration and supervision of this professional service to demand or expect one hundred percent eradication throughout in every such undertaking, even when there are no visible exceptional conditions." *Id.* Rather, "[a]n honest, skillful and diligent effort may, and ought to, be required in such matters, of course, but an absolute undertaking in any profes[s]ional service such as this would seem to be beyond the bounds of reason." *Id.* at 70-71, 33 So. 2d at 319. Kloss has not demonstrated that he can sustain an action for negligence, and summary judgment was appropriately granted on this issue.

## CONCLUSION

¶27. The record does not support a finding of a genuine issue of material fact for trial. Therefore, we affirm the trial court's judgment in favor of Bay Pest Control.

¶28. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**